Eder, J.
This is an action for damages arising out of alleged tortious acts committed by defendants leading up to and culminating in the termination of plaintiff’s dealer-distributor agreement with defendant Hyster Company. The individual defend *790 ants are Hyster Company’s district manager (Shaffer) and one of plaintiff’s salesmen (Chester). Defendants have moved to dismiss for insufficiency each of the six causes of action in the amended complaint.
Plaintiff alleges that it (and its predecessor companies) had been for fifteen years a distributor of Hyster Company products for territory in New York and New Jersey pursuant to written contracts which contained a termination clause permitting either party to terminate at any time; that it developed a market and trained a sales and service force for Hyster’s products and grossed annual income therefrom of $800,000; and that this profitable dealership was terminated in August, 1952.
In the first cause it is alleged against Hyster Company that, with knowledge of their existing employment agreements, it induced three salesmen and a service-parts man, almost half of plaintiff’s key employees, to leave plaintiff’s employment and enter its employ so that it would be in a favorable position for subsequently terminating plaintiff’s distributorship without risk of a break in the continuity of trained representation. Chester, it is alleged, was induced to “ breach ” his written agreement of employment; the other two salesmen to “ terminate ” their written contracts of employment; and the serviceman to “ terminate ” his oral contract of employment. The dates of the respective agreements are set forth but not the terms thereof. We shall therefore assume that all employment agreements except Chester’s were terminable at will.
Defendant requests dismissal on the ground that in this State, at least, it is “ well settled ’ ’ that no cause of action arises from inducing another to terminate an agreement which represents an at-will employment or one terminable merely on giving notice. It is true that the earlier authorities in New York seemed to favor the rule that an action for alleged interference with a contract would lie only if the contract gave plaintiff definite rights for a definite period of time (see Posner Co. v. Jackson, 223 N. Y. 325). But the trend has been to broaden the base of liability. To gain the proper perspective we may note that in Truax v. Raich (239 U. S. 33, 36) it was said that by the weight of authority in this country unjustified interference of third persons was actionable although the employment was at will; and in section 766 of Restatement, Torts, some protection, it is stated, is appropriate against unjustified interference with “ reasonable expectancies ” even when an existing contract is lacking. These authorities would thus render a third person liable for “ unjustified ” inducement to terminate a mere at-will oral employment relationship. Prosser on Torts (pp. 980-982) does not go quite that far; *791 he says that “ any type of contract ” is sufficient as a foundation of the action for procuring its breach, including a contract terminable at will, since, until terminated, “ the contract is a subsisting relation, of value to the plaintiff, and presumably to continue in effect. ’ ’
It is important, however, to confine this principle within its proper limits. Where an employee does not have a definite contract for a definite period of time, another businessman, even a competitor, may offer him a job and thereby induce him to change his employment. This is self-evident. In such a case it is only when the intention or means of procurement are unjustified that a cause of action for damages arises. In the recent case of Coleman & Morris v. Pisciotta (279 App. Div. 656) the court said “ mere inducement to an employee at will to discontinue such employment is not actionable, at least unless the purpose of the actor was solely to produce damage, or unless the means employed were dishonest or unfair, ’ ’
The first cause of action is thus seen to be clearly sufficient by this standard. Here, in fact, we have definite agreements. Their precise terms are not important for present purposes. We have assumed, to meet defendant’s argument, their terminability at will. The purpose of Hyster Company, according to the complaint, was to capture the trained force of plaintiff, its own distributor of many years ’ standing, in order to permit termination of plaintiff’s distributorship and appropriation of its good will as dealer. Their procurement with such intent and with knowledge of their existing employment agreements is actionable.
The second cause is directed against its former salesman, Chester, alleging violation of his duty as an employee, expressed in his contract, to give his exclusive time and efforts to its business in the following respects: (1) entered upon negotiations with Hyster Company for a dealership in competition with plaintiff; (2) “ defamed ” plaintiff to Hyster; (3) induced the other employees to terminate their agreements with plaintiff; (4) induced Hyster to terminate plaintiff’s dealership; (5) abetted Hyster’s plan.
The fact that, as to (1), it is not alleged that the negotiations resulted in Chester’s obtaining such dealership is immaterial; injury is sufficiently charged in his failure to devote himself exclusively to plaintiff’s affairs. The words of defamation, (2), need not be set forth in the amended complaint; this cause is not in libel as such and this allegation is simply part of Chester’s acts in violation of his duty. It was held on defendant’s motion to make the original complaint more definite and certain that such defamatory statements (as well as other “ more defi *792 nite ” allegations sought) could be obtained by a bill or examination before trial, and, if necessary, leave to interpose appropriate defenses be then procured. That order, it has been noted, was affirmed without opinion by the Appellate Division. (3) and (4) are within the rule stated as to the first cause. (5) is actionable as constituting breach of his duty as aforesaid. The second cause is held to be sufficient (see Duane Jones Co. v. Burke, 306 N. Y. 172).
In the third cause, it is charged that Shaffer, “ serving as factory liaison ” between Hyster and plaintiff, (1) induced Chester to breach his employment agreement; (2) induced the other employees to terminate their contracts and enter Hyster’s employ; (3) induced Hyster to terminate plaintiff’s distributorship ; and that he did these things to advance his position with Hyster to permit his promotion to “ New York Branch Manager ”.
The general rule is that an officer or employee of a corporation is immune from personal tort liability for inducing breach by his firm of its obligations (Greyhound Corp. v. Commercial Cas. Ins. Co., 259 App. Div. 317; Burr v. American Nat. Theatre Academy, 103 N. Y. S. 2d 589, affd. 278 App. Div. 908). Such act is presumed to be done in the interest of his corporation even though it may have been marked with excess of zeal or personal malice to plaintiff. Individual liability may, however, be imposed where his acts involve individual and separate torts distinguishable from acts solely on his employer’s behalf or where his acts are performed in his own interest and adverse to that of his firm.
If the inducement by Shaffer to plaintiff’s employees to terminate their agreements was performed by him as a mere instrumentality of his corporation in furtherance of its plan, no personal liability therefor can attach to him. If, however, Hyster Company be absolved from responsibility as to these charges, Shaffer might then be found liable for inducements made in his individual capacity to plaintiff’s employees. On that basis (1) and (2) are deemed actionable. (3), however, comes directly within the above rule of immunization. Doing certain acts to secure promotion is within the scope of one’s employment. This ground might have been actionable if the fact was, and so alleged, that Shaffer had done (3) with the intent of acquiring for his own profit plaintiff’s dealership and that such design had actually been consummated without any benefit accruing to his firm (Buckley v. 112 Central Park South, 285 App. Div. 331). We may assume that the allegation of promotion, joined with the allegation that Hyster Company terminated plaintiff’s agreement and appropriated to itself its goodwill, etc., negates any *793 inference that he and not the firm acquired plaintiff’s dealership. Ground (3) is accordingly stricken as not actionable.
The fourth cause is a sort of omnibus cause against all three. defendants, wherein plaintiff realleges the acts of the three with the additional element that all of these were done as steps in a conspiracy to destroy plaintiff’s business. The added allegation that these acts were done as part of a conspiracy does not create a new tort; conspiracy in and of itself is not a civil wrong (Rhodes v. Ocean Acc. & Guar. Corp., 235 App. Div. 340). Whatever relief plaintiff may be entitled to, whatever proof it may wish to offer of the plan, design or conspiracy of defendants is admissible under the other causes (Brackett v. Griswold, 112 N. Y. 454). Plaintiff urges the applicability of Duane Jones Co. v. Burke (supra). The reasoning expressed in that opinion has been deemed appropriate to the cause asserted against Chester (and is applicable to Shaffer also within the limits indicated). Since the first cause (with the allegations therein of Hyster’s designs) against Hyster Company has also been upheld, there is no need to invoke the element of conspiracy in this summary fourth cause. Moreover, the alleged conspiracy was not to take over other accounts belonging to plaintiff but to facilitate termination by Hyster of its own distributorship agreement with plaintiff, which, on these allegations, it had a legal right to do. Plaintiff’s first four causes are directed not to the assertion of that right but to the methods employed. Since these are fully covered in the earlier causes, the fourth cause is unnecessary, and, as to Hyster Company, also deemed not maintainable. It is accordingly dismissed.
The fifth and sixth causes (not included in the original complaint) are asserted against Hyster Company. Both are based on an alleged oral amendment in March, 1952, of the “ termination at any time ” clause in the last contract dated November, 1950: that Hyster through named representatives assured plaintiff of a “ continuing dealer relationship of long duration * * * not arbitrarily or unfairly terminated * * * except on just cause and upon reasonable notice ”, in consideration of plaintiff’s expanding its facilities and retaining its sales force despite Hyster’s inability then to keep it properly supplied. The fifth cause alleges breach in August, 1952, of the contract, thus orally amended, without any notice or cause; the sixth is in fraud, plaintiff alleging that it expended large sums in reliance upon said representations which Hyster had no bona fide ’ ’ intention of fulfilling.
A distributorship agreement of indefinite duration, as here claimed to have arisen after the oral amendment, can thereafter *794 be terminated only by giving such prior notice as is reasonable under the circumstances, provided there is consideration for the understanding to continue the distributorship indefinitely (Millett Co. v. Park & Tilford Distillers Corp., 123 F. Supp. 484, which, though based on California law, states the general rule). Such agreement, partaking of elements of agency and sales, is not to be construed as a contract of employment or for services which, if for an indefinite period, is terminable at either’s will. This was also the holding in Boulevard Airport v. Consolidated Vultee Aircraft Corp. (85 F. Supp. 876). There the complaint claiming breach of contract and fraud on the basis of a similar oral amendment of a termination clause was upheld as sufficient. Defendant urges that the alleged oral agreement is void for indefiniteness, citing Bushwick-Decatur Motors v. Ford Motor Co. (30 F. Supp. 917, affd. 116 F. 2d 675). In that case defendant moved for summary judgment and plaintiff failed to raise a triable issue. On this pleading motion plaintiff is entitled to every fair intendment. These causes would, in my opinion, be sufficient if they were definite with respect to damages. The general statement as to moneys expended in reliance upon Hyster’s oral promise or representation cannot, in this type of action, be regarded as a proper allegation either of the consideration given or damages sought. These two causes are therefore dismissed with leave to plaintiff to replead, setting forth the actual consideration given and the definite respects in which it claims damages are attributable exclusively to the breach of the oral amendment.
Settle order accordingly.