George M. Fanelli, J.
Motion by defendants to dismiss plaintiffs’ complaint for legal insufficiency. The second cause of action is against the corporate defendant for breach of contract and the first cause of action is against both the corporate defendant and the individual defendants (officers, directors and stockholders) for conspiracy to breach the corporate contract.
A conspiracy by defendants to breach their own contract obligations has been held not to constitute an independent cause of action or a cause of action at all (Labow v. Para-Ti Corp., 272 App. Div. 890). It is also the general rule that an officer or employee of a corporation is immune from personal tort liability for inducing breach by his firm of its obligations (Greyhound Corp. v. Commercial Cas. Ins. Co., 259 App. Div. 317; Burr v. American Nat. Theatre & Academy, 103 N. Y. S. 2d 589, affd. 278 App. Div. 908; A. S. Rampell, Inc. v. Hyster Co., 1 Misc 2d 788), although under certain circumstances, individual liability may be imposed where his acts involve individual and separate torts distinguishable from acts solely on his employer’s behalf or where his acts are performed in his own interest and adverse to that of his firm.
While it is true that the court must assume on a dismissal motion that the allegations of the complaint are true, nevertheless, the complaint must state in some recognizable form a cause of action known to the law (Howard Stores Corp. v. Pope, 1 N Y 2d 110, 114 and cases cited therein) and it must contain a concise statement of the material facts (Al Raschid v. News Syndicate Co., 265 N. Y. 1, 5).
If a cause of action in fraud is intended, the ultimate allegations must establish the following: (see Brackett v. Griswold, 112 N. Y. 454, 467) “ There must have been a false representation, known to be such, made by the defendant, calculated and intended to influence the plaintiff, and which came to his knowledge, and in reliance upon which he, in good faith, parted with property or incurred the obligation which occasioned the injury of which he complains. All these circumstances must be found to exist, and the absence of any one of them is fatal to recovery ’ ’ (see, also, Adams v. Gillig, 199 N. Y. 314).
If in addition plaintiffs desire to plead a cause of action for conspiracy, they should bear in mind that.conspiracy to commit an actionable wrong is not in itself a cause of action. The wrongful act committed by the conspirators, resulting in injury, alone gives rise to a cause of action, and where several separate *306 torts are perpetrated by the conspirators, each tortious act resulting in damages creates an independent, separate cause of action against one or more of the conspirators, and “ since the gravamen of the action is not the conspiracy but the injurious, wrongful acts committed by those who are charged with the conspiracy, these acts must be set out or there is no cause ’ ’ (Miller v. Spitzer, 224 App. Div. 39, 40).
In the light of the foregoing, it is the court’s opinion that the first cause of action is legally insufficient. Accordingly, defendants’ motion to dismiss the complaint must be and is granted, with leave to replead within 20 days after the service of a copy of the order to be entered hereon with notice of entry thereof.
Settle order on notice.