George M. Fanelli, J.
Defendants’ motion to dismiss plaintiffs ’ amended complaint for legal insufficiency has been referred by Mr. Justice Coyne to the undersigned, who heretofore dismissed plaintiffs’ original complaint. (See 7 Misc 2d 304.)
While as a general rule a motion addressed to the sufficiency of a complaint is properly denied if any one of the causes of action set forth in the complaint is sufficient (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79; Ingraham v. Anderson, 1 A D 2d 743), nevertheless, defendants in their brief indicate that the instant motion is addressed solely to the first cause of action and they apparently concede the legal sufficiency of the second cause of action (damages against the corporate defendant for breach of contract).
Treating the motion as one addressed to the first cause of action, the court is still of the opinion that it is legally deficient and a study of the complaint makes it hazardous to state what cause of action was intended to be alleged.
Despite plaintiffs’ contention that the first cause of action alleges a ‘‘ conspiracy to commit fraud and deceit” against both the corporate defendant and the individual defendants (officers, directors and stockholders), a careful reading of the complaint, coupled with the fact that plaintiffs seek the same monetary relief under the second cause of action as under the first cause, discloses that as against the corporate defendant they allege no more than a conspiracy to breach its own contract. A conspiracy by said defendant to breach its own contract obligations does not constitute an independent cause of action, particularly when the gist of the second cause of action is for the same breach of contract (Labow v. Para-Ti Corp., 272 App. Div. 890).
With respect to the individual defendants, the law is equally clear that an officer or director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation’s promise being broken (see Potter v. Minskoff, 2 A D 2d 513, and cases cited therein). It is true that the problem is not a simple one and that the boundary line beyond which the corporate officer or director may not operate with immunity has been drawn in several decisions (Buckley v. 112 Central Park South, 285 App. Div. 331; Navarro v. Fiorita, 271 App. Div. 62, affd. 296 N. Y. 783; Greyhound Corp. v. Commercial Cas. Ins. Co., 259 App. Div. 317). Yet, while not determinative, it is noteworthy that in these decisions where the pleading has been sustained the com *308 plaint has contained allegations that the acts of the corporate officers were done with the motive for personal gain as distinguished from gain to their corporation. Individual liability depends upon what motivated the individuals in bringing about the termination of the contract.
Turning to the cause of action under attack and bearing in mind that the intent with which the individual defendants acted in the situation here presented is the court’s present concern, the complaint is void of any allegations pointing to an independent tort on the part of the individuals, or that they acted outside their authority as corporate officers, or that they induced the breach of the corporation’s contract for the sole purpose of obtaining a pecuniary benefit for themselves and not for the benefit of the corporation.
Insofar as plaintiffs attempt to plead an independent and substantive tort, i.e., fraud and deceit on the part of the individual defendants, the complaint in its present form is likewise insufficient. The court must of necessity upon this motion “ look for the reality, and the essence of the action and not its mere name ’ ’ (Brick v. Cohn-Hall-Marx Co., 276 N. Y. 259, 264). In the opinion of the court and searching for the alleged wrong which is at the bottom of the first cause of action, the conclusion is inescapable that the gravamen of said cause of action is for damages resulting from defendants’ alleged wrongful breach of the employment contract and not the misappropriation of trade secrets, specialized knowledge or experience, or their failure to enter into an agreement with plaintiffs and their subsequent failure to carry out same. While the necessary elements of an action for fraud, set forth in paragraphs 24, 25, 26 and 27 of the complaint, refer to the alleged representations of the individual defendants (attorneys) to the effect that they “ would enter upon such enterprise with the plaintiffs, and invest the sum of $50,000.00 necessary for the carrying out of said enterprise ’ ’ and ‘‘ that they would enter into an agreement with the plaintiffs to carry out said enterprise ’ ’, yet, there is absent from the complaint the appropriate and necessary allegations to the effect that said defendants did not in fact carry out these promises and that plaintiffs were damaged by reason of such a failure on the part of the defendants to fulfill their promises and representations. In this connection, plaintiffs should bear in mind that representations are not actionable if they are promissory in nature and relate merely to future expectations (Adams v. Clark, 239 N. Y. 403; cf. Channel Master Corp. v. Aluminium Limited Sales, 2 A D 2d 933). Moreover, if plaintiffs intend to plead a cause of action bottomed in fraud for *309 misappropriation of their trade secrets, knowledge, experience, plan, services and the benefits to be derived therefrom and from said employment contract, then plaintiffs should do so plainly and concisely.
In their brief plaintiffs urge that upon a dismissal motion such as this, the pleading to which it is addressed must be liberally construed. While it is axiomatic that pleadings under attack shall be accorded every fair and reasonable intendment, nevertheless, liberality cannot be used as a substitute for matters of substance, nor may conclusory statements of law be utilized to supply material facts by inference within the doctrine of liberal construction. (Didier v. Macfadden Publications, 299 N. Y. 49).
Accordingly, in the light of the foregoing, defendants’ motion to dismiss the first cause of action must be and is granted. However, the court at this juncture is unable to determine, with finality, that a proper cause of action cannot be framed and since plaintiffs may be able to separately allege a cause of action different from the one set forth in the amended complaint, they may, if so advised, serve a second amended complaint within 20 days after the service of a copy of the order to be entered hereon with notice of entry thereof.
Settle order on notice.