Charles A. Loreto, J.
Motion to dismiss the complaint as insufficient in law or in the alternative to strike certain paragraphs therein.
The complaint charges the individual defendant with fraud and seeks damages resulting from the fraud.
What plaintiffs basically claim is that having been induced by defendant to purchase machines from one corporation and having been assured by defendant that they would be given work to perform on those machines by the second corporation, the defendant’s conduct in connection with both corporations put them in a destructive squeeze whereby the second corporation refused to pay for work performed by plaintiffs while the first corporation demanded payment on the notes and a chattel mortgage covering the machines, which plaintiffs therefore could not meet and discharge, resulting in their loss through foreclosure.
This is not a case where an officer of a corporation is charged with inducing it to break its contract with another party, an act for which he is not answerable in damage to the other contracting party. (Wendell v. Sleppin, 7 Misc 2d 306.)
Nor is this a case where the charge against the defendant is merely a conspiracy to perpetrate a fraud upon the plaintiffs, which is not actionable. (Brackett v. Griswold, 112 N. Y. 454, 466.)
The complaint adequately alleges defendant with having made false representations to induce plaintiffs to enter into contracts with two corporations which he knew would not perform on their part and that he conspired with the corporations in their failure to perform to plaintiffs’ damage. Liberally construed the use of the phrase alleging that defendant “ conspired ” with these corporations, must be interpreted to mean that he acted in concert with them to plan, conceive and commit the alleged acts. *56 It might be shown that he directed, dominated and controlled the corporate conduct.
In any event the case of Stell Mfg. Corp. v. Century Inds. Inc. (15 A D 2d 87, 90) is apropos: “ A tender solicitude for an alleged tort-feasor should not hamper the injured party in seeking redress for a claimed wrong. A distinction must be observed between liberality permitted in pleading, and proof which must be advanced at trial to support the claim. If there was a knowing and intentional fraudulent misrepresentation, intended to induce reliance, which was justifiably relied on, thereby causing damage to plaintiffs, plaintiffs should be allowed to plead and prove their case. All active participants in the alleged intentional wrong should be permitted to be joined as parties defendant and, upon proof, held liable in damages. If such officers, utilizing the corporate structure, act fraudulently with knowledge of the wrong, to cause injury to a party bound by contract to the corporation of which such officers are a part, the injured party is allowed to plead and prove the damages proximately caused by such wrongful acts. [Cases cited.] ‘ Fraud which induces non-action where action would otherwise have been taken is as culpable as fraud which induces action which would otherwise have been withheld. ’ (Stern Bros. v. New York Edison Co., 251 App. Div. 379, 381.) Where there is a deliberate intent to wrongfully cause economic loss to plaintiffs for the purpose of injuring them, and fraud or deceit is the means used, those responsible should be held to answer. If the defendants believe a privilege exists which would preclude liability it may be asserted as a defense.” The motion is denied in its entirety.