Martin Kraus, J.
The above-entitled action is one wherein the plaintiff has brought suit against the landlord for personal injuries and loss of property sustained as a result of the commission of a crime, due to the alleged negligence on the part of the landlord defendant in failing to repair a door lock on the front door of plaintiff’s apartment. The testimony on behalf of the plaintiff ivas to the effect that he had moved into premises 309 East 164th Street, The Bronx, New York, approximately two weeks prior to August 1, 1961. Plaintiff contends that he had notified the landlord that the lock on the front door of his apartment, which was located on the ground floor of said premises, was in a defective condition.
On August 1, 1961 at approximatey 1:00 a.m., the plaintiff’s apartment was broken into. The plaintiff was assaulted by three unknown men causing injuries to the plaintiff requiring him to be hospitalized for approximately four days. In addition thereto, certain items of personal property were stolen from the plaintiff’s apartment. The landlord defendant, one Leo Lubarsky, testified that he rented the apartment to the plaintiff on July 28, 1961; that prior to rental of said apartment, he inspected it and that the lock on the front door of the said apartment was in good working order. He further testified that the plaintiff never made any complaint about the lock being in a defective condtion. Detective McVeigh testified that a burglary occurred on August 1, 1961 in the premises occupied by the plaintiff. He did not have any exact statistics to indicate *544 the dangerous character of the neighborhood, but apparently said apartment is located in a neighborhood where there is a higher incidence of crime than in other sections of The Bronx. The apartment occupied by the. plaintiff, as heretofore stated, was located on the ground floor of the said premises. The burglary occurred on August 1, 1961, which was during the Summertime, and apparently windows are kept open. The plaintiff believes that the burglars entered through the door; however, it is possible that they may have entered through an open window.
Essentially the basis of liability is the ability to reasonably anticipate the risk. Not included in such premise is every possible occurrence due to unusual or unforeseeable situations (Cartee v. Saks Fifth Ave., 277 App. Div. 606, affd. 303 N. Y. 832). Under ordinary circumstances no one is chargeable with damages because he has not anticipated a crime by some third party. To be actionable the negligence complained of must not only involve the breach of some legal duty which the defendant owes to the plaintiff, but it must also proximately result in the injury claimed by the plaintiff. In the eyes of the law, the proximate cause of an occurrence is that which is a natural and continual sequence of the wrongful act complained of “ unbroken by any new cause * * * and without which that event would not have occurred ’ ’ (Laidlaw v. Sage, 158 N. Y. 73, 99). Equally in point is the even more recent decision in Bolsenbroek v. Tully & Di Napoli (12 A D 2d 376, affd. 10 N Y 2d 960), where it was held that the defendant contractor was not liable for the injury sustained by the infant plaintiff when another boy placed a rag in the flame of a smudge pot which the defendant had placed alongside an open street excavation at night and, after the rag ignited, then caused it to be thrown into the face of the infant plaintiff. In Levin v. Eleto Realty Corp. (160 Misc. 141) the court held: Evidence held insufficient to justify judgment for tenant against landlord for loss of property from burglary on ground that failure of landlord to supply new lock or other moldings on door was proximate cause for loss which occurred, or that loss could have been reasonably anticipated so as to impose further duty on landlord to repair condition complained of.
In view of all the foregoing, judgment is directed in favor of the defendants.