■ GUY LALONDE, Appellant-Respondent, v. MODERN ALBUM AND FINISHING COMPANY, INC., Respondent-Appellant.— In an action to recover damages for breach of contract, the parties cross-appeal from a judgment of the Supreme Court, Queens County, entered June 1, 1970 after a nonjury trial, which limited plaintiff's recovery to $2,298.55 plus interest. Judgment reversed, on the law and the facts, with costs to plaintiff, and case remitted to the Trial Term for (1) an assessment of damages on plaintiff's claim for unpaid salary in accordance with the views set forth herein, (2) a reassessment of the amount heretofore awarded to plaintiff on his claim for vested pension contributions in conformity with the terms of the pension-trust agreement and (3) entry of a new judgment thereafter. Plaintiff, a design engineer, was hired by defendant for a period of six years, beginning in January, 1966, pursuant to an oral agreement. The terms of the agreement were subsequently reduced to writing in an undated letter to plaintiff by defendant's president, which includes all of the material terms of the oral agreement, save one, the commencement date. In January, 1968, after only two years in the life of the contract, plaintiff was discharged by defendant. The trial court found the discharge to have been without justification. However, the trial court also found that the oral contract of employment was unenforceable by reason of the Statute of Frauds and that the letter by defendant's president is an insufficient memorandum in writing to remove the contract from the application of the Statute (General Obligations Law, § 5–701). We do not agree. While it is true that the letter lacks an essential term necessary to spell out a contract, the letter is not the only document that need be relied upon on this record. It has long been held that the Statute of Frauds does not require that a memorandum be in one document, but that it may be pieced together out of separate writings, connected with one another by the internal evidence of subject matter (*Crabtree* v. *Arden Sales Corp.*, 305 N. Y. 48). The fact that these other documents were not prepared with the intention of evidencing a contract, or that they came into existence subsequent to its execution, is immaterial. On the record before us, there is sufficient probative evidence contained in other documents to establish with reasonable certainty that plaintiff's employment commenced on January 1, 1966. Among these is a letter of reference executed by defendant's personnel officer which gives the dates of plaintiff's employment and his salary at the time of his discharge. Further, there is a written statement from the trustees of defendant's retirement trust that plaintiff's share in defendant's pension-trust plan as of March 31, 1967 is an amount which we find to be compatible with a starting date of January, 1966. One of the trustees is defendant's president. These two papers, together with the letter of defendant's president, spell out a sufficient written memorandum to satisfy the requirements of the Statute of Frauds. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.