Per Curiam.

The defendant’s negligence was not the proximate cause of the plaintiff’s injuries (Tirado v. Lubarsky, 49 Misc 2d 543, affd. 52 Misc 2d 527; Levin v. Eleto Realty Corp., 160 Misc. 141; Grant v. Godfrey Nurse Houses, 136 N. Y. S. 2d 751; Cardona v. Barbat, 56 N. Y. S. 2d 451; Horney v. World Is. Estates, 20 A D 2d 849, affd. 15 N Y 2d 564, cert. den. 380 U. S. 987). It has been repeatedly observed that “ The act of a party sought to be charged is not to be regarded as a proximate cause unless it is in clear sequence with the result and unless it could have been reasonably anticipated that the consequences complained of would result from the alleged wrongful act ” (Saugerties Bank v. Delaware & Hudson Co., 236 N. Y. 425, 430; Dunn *385 v. State of New York, 29 N Y 2d 313, 318). The circumstances presented in the instant record do not warrant such conclusion.
The judgment should be reversed, with $30 costs and complaint dismissed.