**WEITNAUER TRADING COMPANY LTD., Plaintiff-Appellee,**

v.

**Morton L. ANNIS, Defendant-Appellant.**

**No. 673, Docket 74–2276.**

United States Court of Appeals, Second Circuit.

Argued April 7, 1975.

Decided May 28, 1975.

Norton I. Katz, New York City (Leslie D. Corwin, and Rich, Krinsly, Poses, Katz & Lillienstein, New York City, of counsel), for defendant-appellant.

Victor A. Kovner, New York City (John C. Lankenau, Wikler, Gottlieb, Taylor & Howard, and Lankenau, Kovner & Bickford, New York City, of counsel), for plaintiff-appellee.

Before HAYS, GURFEIN and Van GRAAFEILAND, Circuit Judges.

Van GRAAFEILAND, Circuit Judge:

This action was brought to recover on two writings, the first guaranteeing payment of a corporate indebtedness up to $100,000 and the second guaranteeing payment of an additional indebtedness up to $50,000. Defendant-appellant did not recall signing the first and denied signing the second.

The testimony of an eyewitness to the signing, buttressed by a handwriting expert and appellant's admissions, satisfied the District Court that the signature on the $100,000 guaranty was appellant's. Absent any proof from appellant beyond a professed inability to recall, this finding was clearly dictated.

Appellant's memory concerning the second guaranty was more accurate. He did not sign it. Instead, his name was affixed by a business associate who purported to act as appellant's agent in so doing. Since we approve the District Court's holding that appellant was liable on this agreement also, we state briefly the basis for our approval.

Appellee is a Swiss Corporation which acts as the purchasing agent and distributor for a number of products, including tobacco, perfume, cosmetics and alcoholic beverages. In 1969, appellant formed a small liquor import corporation called Inter/Continental Wine and Spirits, Ltd. with its office in Lake Success, New York. That company engaged appellee as its European purchasing agent.

Under the agreement between the two companies, appellee located sources of supply and Inter/Continental issued purchase orders. These were confirmed by appellee which also assumed liability for payment. Appellee then paid the invoices when due and billed Inter/Continental for the amount of the invoices plus a commission.

Since the balance sheet of Inter/Continental Wine and Spirits, Ltd. was somewhat less impressive than its name, appellee refused to confirm Inter/Continental's original orders approximating $100,000 until appellant personally guaranteed payment of Inter/Continental's indebtedness. On September 30, 1969, such guaranty was signed by appellant and delivered to appellee's New York attorneys. On October 6, 1969, appellant informed appellee by cablegram that this had been done.[1]

1. In an affidavit submitted in opposition to appellee's motion for summary judgment, appellant stated that the signature on the $100,000 guaranty appeared to be his and that he was unable to deny its validity.

Shortly thereafter, orders submitted by Inter/Continental exceeded $100,000; and, at a meeting in Switzerland on November 20, 1969, appellant was asked to increase his guaranty by $50,000. Appellant agreed to do this upon the understanding that Ronald Kassin and Leonard Fellman, two of his associates in Inter/Continental, would also sign.

Several months later, appellee received a letter, dated January 14, 1970, which increased the amount of the personal guaranty from $100,000 to $150,000. This bore the signatures of Messrs. Kassin and Fellman and one that was ostensibly appellant's. Although Mr. Fellman was not called as a witness, Mr. Kassin testified that Mr. Fellman had signed appellant's name to this letter. Mr. Kassin also stated that appellant had told Mr. Fellman in Mr. Kassin's presence that if anything came up when appellant was out of town, Mr. Fellman could sign appellant's name.

On January 19, 1970, appellant sent a letter to appellee in which he stated, among other things: "I am certainly in agreement to raise this to $150,000."

Subsequent to the receipt of these two letters, appellee increased its grants of credit to Inter/Continental until they were in excess of $174,000. As might be expected, there was a continued exchange of correspondence relative to this indebtedness, and several references to the guaranty were made therein.

A letter from appellee to appellant on December 9, 1970 specifically directed his attention to both the original and amended guaranty and stated that, in the event payment was not made by Inter/Continental, appellee would make use of the personal guaranties. A similar letter was sent on December 31, 1970. In reply, appellant wrote a letter in which he stated that "this guarantee was agreed to by three parties, Mr. Kassin, Mr. Fellman and myself", and that "any amount over $100,000 was jointly guaranteed by the three individuals."

It was not until after appellee indicated its unequivocal intention to proceed with this litigation that appellant denied the authenticity of his signature on the amended guaranty.

It thus appears that, although proof that Fellman had authority to sign appellant's name was far from overwhelming, appellant's subsequent approval of what Fellman had done was clearly established. Since it is hornbook law that lack of prior authority may be supplied by subsequent approval (Mechem, The Law of Agency, 2d ed. Vol. 1, § 344), the District Court properly held appellant liable on the amended guaranty.

There is no Statute of Frauds problem here. Under New York law, the memorandum required by the Statute need not be incorporated in a single document but may be pieced together from several documents which relate to each other. Crabtree v. Elizabeth Arden Sales Corp., 305 N.Y. 48, 110 N.E.2d 551 (1953); LaLonde v. Modern Album and Finishing Co., 38 A.D.2d 960, 331 N.Y. S.2d 889 (2d Dept. 1972); Restatement of Contracts § 208. Moreover, such documents need not be in existence at the time the contract is made but may be supplied at a later date. Papaioannou v. Britz, 285 App.Div. 596, 139 N.Y.S.2d 658 (2d Dept. 1955); LaLonde v. Modern Album and Finishing Co., *supra*; Restatement of Contracts § 214. Appellant's letter, which adopted the guaranty "agreed to by three parties, Mr. Kassin, Mr. Fellman and myself", was sufficient to satisfy the requirements of the Statute.

Appellant's counterclaim, based on the agreement of appellee to purchase $40,000 worth of convertible bonds of Inter/Continental when issued, merits no more than the summary rejection it received from the trial court. The bonds were never issued.

Appellant's contention that there was insufficient proof of the amount of Inter/Continental's indebtedness is equally without merit. The complaint alleged an indebtedness in excess of $150,000 and, under Rule 8(d) of the Federal Rule of Civil Procedure, this

averment was admitted by appellant's failure to deny. Photocopies of appellee's ledger sheets, properly substantiated, were introduced into evidence, and these supported the uncontroverted allegations of the complaint.

Putting it all together, what we have here is a valiant attempt to escape from an obligation rightly owed. The District Court was not persuaded by appellant's arguments. Neither are we.

We affirm.