Thomas W. CULLEN, Jr., Plaintiff,

v.

BMW OF NORTH AMERICA,
INC., Defendant.

No. 79 C 970.

United States District Court,
E. D. New York.

May 16, 1980.

Louis J. Castellano, Jr., Garden City, N. Y., for plaintiff.

Weil, Gotshal & Manges, New York City, for defendant, by Kevin P. Hughes and Yvette Miller, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff in this action seeks to recover approximately $18,000 he paid to Bavarian Auto Sales, Inc. ("Bavarian"), then a franchised BMW dealer, for the purchase of a new automobile he never received. The undisputed facts reveal that plaintiff and Bavarian entered into a sales contract on January 24, 1979, and plaintiff promptly remitted the full purchase price upon Bavarian's representation that the vehicle had arrived and was being serviced. After Bavarian failed to keep its part of the bargain and deliver the BMW automobile, plaintiff commenced a civil action against Bavarian in New York State Supreme Court, Nassau County, which was stayed when Bavarian's president, Hans Eichler, filed a petition in bankruptcy in Connecticut. This diversity action against BMW of North American ("BMW/NA"), a New Jersey corporation, followed.

The amended complaint asserts four causes of action, presenting four separate theories of recovery. The first is based upon an agency theory: it is claimed that defendant as manufacturer and distributor of BMW vehicles is responsible for the actions of Bavarian either pursuant to principles of apparent authority or agency by estoppel.

The second cause of action sounds in negligence based primarily on the defendant's alleged knowing tolerance of a financially unstable dealer for months prior to plaintiff's order. Plaintiff's third cause of action alleges a conspiracy between Bavarian and defendant to defraud customers of Bavarian, and the fourth cause of action claims that BMW/NA's conduct in the circumstances constituted a prima facie tort. The action is now before the court on defendant's motion for summary judgment pursuant to Rule 56, F.R.Civ.P. For the following brief reasons, defendant's motion is granted in part and denied in part.

█ Summary judgment may be rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P. In determining whether to grant a motion for summary judgment, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272, 279 (2d Cir. 1967), *quoted in Securities Exchange Commission v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978). It must accept as true factual statements in the opposing party's affidavits, draw all permissible inferences in that party's favor, *Hill v. A–T–O, Inc.*, 535 F.2d 1349 (2d Cir. 1976), and resolve any doubts in favor of the latter, *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., supra.*

█ "The very mission of the summary judgment procedure [however] is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Adv. Com. Note to Proposed Amendments to Rule 56(e), 31 F.R.D. 648 (1962). As the Court of Appeals for this circuit recently stated:

"Thus, the mere possibility that a factual dispute *may* exist, without more, is not sufficient to overcome a convincing presentation by the moving party. *See Gatling v. Atlantic Richfield Co.*, 577 F.2d 185, 187–88 (2d Cir. 1978), *cert. denied*, 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1979). The litigant opposing summary judgment, therefore, 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial. *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978). Rather, he must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

With these principles in mind, it is the court's view that summary judgment dismissing plaintiff's third and fourth causes of action sounding in conspiracy and prima facie tort is appropriate but that resolution of the remaining claims must await further development of the record.

█ Turning first to plaintiff's negligence claim, it is manifest that genuine issues as to material fact preclude a grant of summary judgment. The basis of the claim is that defendant permitted Bavarian to continue as a BMW dealer—and to sell plaintiff an automobile on January 24, 1979 —with knowledge of Bavarian's allegedly precarious financial condition. Notwithstanding evidence in the record to the contrary, plaintiff has successfully opposed the motion with ample evidence from which a trier of fact might infer that BMW/NA had knowledge of Bavarian's financial difficulties and might conclude defendant unreasonably permitted Bavarian to continue to hold itself out as an authorized dealer. Plaintiff has submitted a number of letters from defendant to Bavarian excepting to various business practices, among them Bavarian's apparently chronic habit of presenting checks which were later dishonored, and indicating defendant's awareness of Bavarian's financial difficulties and intention to monitor the situation closely. He has also presented defendant's customer relations forms attesting to various customer complaints about Bavarian's conduct. Finally, plaintiff has submitted a letter from

BMW/NA to Bavarian dated December 18, 1978, in which defendant at great length chronicles Bavarian's deficiencies and concludes in the following manner:

"However, if you are interested in continuing as a BMW dealer, please contact us by January 5, 1979 to discuss with you in greater detail the deficiencies cited above and the action which would have to be taken by you in order to rectify such deficiencies. If we can reach a satisfactory understanding with respect to these matters, we will send you a written confirmation of our intention to offer you a 1979 dealer agreement, which confirmation will set forth in detail the deficiencies to be rectified, the corrected measures to be taken and the time period in which this may be accomplished.

"Should we fail to hear from you by the 5th of January, please be advised that we shall consider your failure to respond as a voluntary termination to our relationship. . . ." (Letter of Friedrich Hanau, dated December 18, 1978.)

The record appears to indicate that defendant took no action to terminate officially Bavarian's relationship from January 5, 1979, until at least January 24, 1979, the date plaintiff purchased his BMW. At the time of plaintiff's purchase, Bavarian continued to operate under the BMW logo and in the same manner as before, although defendant was aware that Bavarian had received no new automobiles for several months and had no floor plan to pay for them.

■■ On this record, plaintiff contends defendant breached a duty to him by permitting Bavarian to continue to hold itself

out as a BMW dealer until its voluntary resignation on February 16, 1979. Defendant argues that, assuming it owed a duty to plaintiff and had knowledge of Bavarian's unstable financial condition, it nonetheless cannot be held liable as a matter of law since plaintiff's injury was not foreseeable. Defendant claims that it cannot be held negligent because of the intervening, unforeseeable criminal act of its "agent." While apparently a correct statement of New York law, see, e. g., *Ward v. State*, 81 Misc.2d 583, 366 N.Y.S.2d 800, 807 (Ct. of Claims 1975); *Smith v. ABC Realty Co.*, 71 Misc.2d 384, 336 N.Y.S.2d 104 (App. Term 1st Dept. 1972); *Tirado v. Lubarsky*, 49 Misc.2d 543, 268 N.Y.S.2d 54 (Civ.Ct.Bronx Cty.), *aff'd*, 52 Misc.2d 527, 276 N.Y.S.2d 128 (App. Term 1st Dept. 1966); *cf. Sherman v. Concourse Realty Corp.*, 47 A.D.2d 134, 365 N.Y.S.2d 239 (2d Dept. 1975), its applicability in the circumstances of this case is uncertain since defendant has failed to establish on this motion that criminal conduct was involved in Bavarian's failure to deliver an automobile to plaintiff. The record is bare of evidence that criminal conduct rather than irresponsible management of Bavarian was the cause of plaintiff's injuries. Assuming the latter and defendant's knowledge of such management, BMW/NA cannot escape a trial on the issue of its negligence by characterizing Bavarian's conduct as criminal or accusing its president of absconding with plaintiff's money. It appears resolution of the negligence issue must be left to the trier of fact.[1]

■ Having determined that plaintiff's negligence theory must be left to a trier of

---

1. We have also considered defendant's arguments concerning its obligations under various State and federal laws regulating the relationship between motor vehicle manufacturers and distributors and their franchised dealers. The claim is made that under the Federal Automobile Dealers' Day in Court Act, 15 U.S.C. §§ 1221–1225, and New York Gen. Bus. Law §§ 195–197–a, defendant owed Bavarian the opportunity to fulfill its obligations under their agreement and hence its right to terminate the agreement was severely restricted. The argument is unpersuasive in the circumstances.

There can be little doubt that a manufacturer's duty to deal in good faith with its franchised dealers does not, standing alone, relieve it of duties, if any, owed to ultimate consumers to prevent foreseeable harm. In any event, issues of fact preclude summary judgment on the ground that defendant was duty bound not to terminate Bavarian at any time prior to plaintiff's transaction with Bavarian.

Finally, defendant has neither argued nor presented authority for the proposition that it had no duty to protect plaintiff against the risk of harm in the circumstances of this case.

fact, the court is of opinion that plaintiff's agency theory, although exceedingly broad in its present form, must also await further development of the record. Plaintiff suggests that under either an apparent authority theory or by application of the doctrine of agency by estoppel he is entitled to relief. Defendant persuasively argues, however, that principles of apparent authority do not readily apply in this case: there is no evidence that an actual agency relationship existed and that defendant permitted Bavarian to exceed the limited bounds of that agency. On the other hand, the principle of agency by estoppel is colorably applicable. Although no actual agency relationship exists, such an agency may arise where the party charged as principal permits the putative agent to act in such manner that a reasonable man might infer that an agency relationship in fact existed. See Restatement of Agency § 8, comment (d) (1958); 2 N.Y. Jurisprudence, Agency §§ 25, 87. See also *S.S. Silberblatt, Inc. v. Seaboard Surety Co.*, 417 F.2d 1043, 1049 (8th Cir. 1969). Agency by estoppel may arise if "the person sought to be charged intentionally or carelessly caused the plaintiff to believe in the authority of the purported agent." *Karavos Compania, etc. v. Atlantica Export Corp.*, 588 F.2d 1, 11 (2d Cir. 1978).

The record here is clear that Bavarian was an independently owned and operated dealer, authorized to sell BMW automobiles among others. Plaintiff contends that in purchasing the automobile from Bavarian he relied on defendant's reputation for manufacturing quality products and for business integrity. Of greater relevance to the issue of agency by estoppel, plaintiff claims BMW/NA permitted Bavarian to display prominently the BMW logo on its premises, in advertising and promotional campaigns, and on Bavarian's stationery and sales invoices in accordance with "reasonable suggestions set forth by BMW/NA." Dealer Standard Provisions § 4(c). The record reveals that Bavarian's sale slips clearly read "Bavarian Auto Sales and Service, Inc." and these words were flanked on either side by the BMW logo. The Bavarian stationery contained, more-

over, the words "authorized sales and service" beneath the BMW logo. Plaintiff asserts that under these circumstances a man of reasonable prudence could conclude that Bavarian was BMW/NA's agent.

Defendant relies primarily on *Oberlin v. Marlin American Corp.*, 596 F.2d 1322 (7th Cir. 1979), and *Stalzer v. Ford Motor Co.*, 180 N.Y.L.J. 109 (Nassau County Sup.Ct., December 8, 1978), at page 15, column one, to support its claim that summary judgment is appropriate. Such reliance is misplaced. In *Oberlin*, defendant agreed to market products made by a company called "Melabs." Plaintiff entered into an agreement with defendant to act as zone distributor of Melabs' products. When a dispute arose, plaintiff sued defendant and SCM Corporation, which had just taken over Melabs, on the theory that defendant was an agent of Melabs because it sold its goods. The court of appeals rejected plaintiff's agency by estoppel theory stating that defendant's advertising clearly indicated that Melabs was the manufacturer of the product and defendant was merely a distributor. Hence, no agency by estoppel could be inferred. In *Stalzer*, the court found that the purchase order signed by plaintiff was clearly marked with the dealer's name exclusively and that no representation from which an inference of agency could be drawn had been made by the dealer. Plaintiff's conclusory allegation of agency was unsupported by evidentiary fact and therefore insufficient to withstand a motion for summary judgment.

In contrast, plaintiff has suggested that the basis for his agency by estoppel claim is in Bavarian's sales invoice and various signs and use of the BMW logo. BMW stands for Bayerische Motoren Worke or Bavarian Motor Works. Unlike the situation in *Oberlin* and *Stalzer*, in which the entities were clearly separate and distinct, Bavarian Motor Works and Bavarian Auto Sales and Service, Inc., are sufficiently alike—taken together with other indicia of agency—as to make summary judgment on plaintiff's contention that an agency by estoppel arose inappropriate at this time. Although the

claim might be difficult to establish at trial, plaintiff should have the opportunity to present the issue to a trier of fact. Nothing in the court's comments, of course, should be construed as an opinion on the merits of this or any other claim.

 Finally, little discussion is needed to dispose of plaintiff's remaining claims. It is well settled in New York that civil conspiracy to commit fraud, standing alone, is not actionable. See, e. g., *Ghazoul v. International Management Services, Inc.*, 398 F.Supp. 307, 311–12 (S.D.N.Y.1975), quoting *Brackett v. Griswold*, 112 N.Y. 454, 466–67, 20 N.E. 376 (1889); see also *Taylor v. Cowit*, 41 Misc.2d 54, 244 N.Y.S.2d 845, 846 (Bronx Sup.Ct.Spec.T.1963), *modified*, 20 A.D.2d 699, 246 N.Y.S.2d 962 (1st Dept. 1964). Any claim of fraud, moreover, is insufficient. Plaintiff must show misrepresentation, concealment or nondisclosure of a material fact, intent to deceive on the part of the defendant, justifiable reliance upon the misrepresentation and injury as a result of such reliance. See, e. g., *Van Alen v. Dominick & Dominick, Inc.*, 441 F.Supp. 389, 403 (S.D.N.Y.1976), *aff'd*, 560 F.2d 547 (2d Cir. 1977); *Horwitz v. Sprague*, 440 F.Supp. 1346 (S.D.N.Y.1977). There is no evidence to support such a claim. Nor is there evidence of "intentional infliction of harm, done with the purpose to injure the plaintiff, without economic or social justification, by means which would be lawful but for the malicious intent." *Effective Communications West, Inc. v. Board of Co-op. Ed.*, 57 A.D.2d 485, 395 N.Y.S.2d 296, 299 (4th Dept. 1977), quoting *Ruza v. Ruza*, 1 A.D.2d 669, 146 N.Y.S.2d 808, 811 (1st Dept. 1955). See also *Board of Educ. of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Ass'n, Local 1889*, 38 N.Y.2d 397, 405–06, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975). Plaintiff's causes of action in conspiracy to commit fraud and prima facie tort must therefore be dismissed.

Accordingly, defendant's motion for summary judgment dismissing the complaint is granted as to plaintiff's third and fourth causes of action but denied as to the first and second causes.

SO ORDERED.