780 F.2d 202
 Fed. Sec. L. Rep. P 92,443
AFP IMAGING CORPORATION, Plaintiff-Appellant,
v.
Alexander ROSS, James L. Melcher, Ivan Bloch, Vincent
Giovinco, Bruce Male, Frederick M. Myers, John C. Fitch, and
Lewis W. Siegel, Individually and as representative of all
others similarly situated, Defendants-Appellees.
 Cal. No. 175, Docket 85-7494.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 9, 1985.
Decided Dec. 23, 1985.
 
 Stuart A. Summit, New York City (Burns Summit Rovins & Feldesman, New York City, of counsel), for plaintiff-appellant.
 Leo Kayser, III, New York City (Raggio, Jaffe & Kayser, New York City, of counsel), for defendants-appellees.
 Anthony E. Davis, New York City (Kaplan Russin Vecci Kirkwood, New York City, of counsel), for defendant-appellee Alexander Ross.
 Before FEINBERG, Chief Judge, and VAN GRAAFEILAND and MESKILL, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 AFP Imaging Corporation appeals from a summary judgment of the United States District Court for the Southern District of New York (Brieant, J.). The judgment dismissed Count I of AFP's partial-defendant class action complaint, which alleges violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b), and Rule 10b-5 of the Securities & Exchange Commission's Rules, 17 C.F.R. Sec. 240.10b-5, and directed arbitration of the remaining issues between the parties. For the reasons that follow, we reverse the part of the judgment that dismissed the securities fraud claim, affirm the part that ordered arbitration of the claim of appellant Ross, and vacate and remand the remainder of the judgment without prejudice.
 
 
 2
 AFP and Xenon Industries, Inc. are New York corporations. The members of the putative defendant class are the twenty-nine shareholders of Xenon. On August 8, 1984, AFP and Xenon executed a written contract, which provided, among other things, that Xenon would "cause the sale" of all the shares of its capital stock to AFP and would transfer all the shares to AFP on the closing date "duly endorsed for transfer". The agreed consideration for this sale was 225,000 letter shares of AFP stock plus warrants for an additional 400,000 shares. AFP now seeks to hold Xenon's shareholders responsible under both the securities laws and the common law for alleged fraudulent misrepresentations in the written contract. It demands the return of its stock, damages, and certain incidental relief.
 
 
 3
 Although the contract described Xenon as the "seller" of its stock, the district court stated that Xenon was not the seller and that it was appellees who sold their stock pursuant to the contract. We agree. New York follows the majority American rule, which treats shares of stock as the personal property of the shareholders. Allen v. Biltmore Tissue Corp., 2 N.Y.2d 534, 540-41, 161 N.Y.S.2d 418, 141 N.E.2d 812 (1957). Obviously, a New York corporation, acting solely on its own, cannot "cause" the sale of all its corporate shares for a consideration fixed by the corporation.
 
 
 4
 There is no reason, however, why Xenon could not have acted as appellees' agent in effecting the sale of their stock. Although, ordinarily, a corporation does not act in the capacity of agent for its shareholders, Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 440, 63 S.Ct. 1132, 1134, 87 L.Ed. 1499 (1943), the shareholders may involve the corporation in their own business affairs to such an extent as to constitute it their agent. Hollander v. Henry, 186 F.2d 582, 584 (2d Cir.), cert. denied, 341 U.S. 949, 71 S.Ct. 1017, 95 L.Ed. 1373 (1951); Walkovszky v. Carlton, 18 N.Y.2d 414, 417, 276 N.Y.S.2d 585, 223 N.E.2d 6 (1966); Rapid Transit Subway Construction Co. v. City of New York, 259 N.Y. 472, 488, 182 N.E. 145 (1932). A jury well might find that this is what occurred in the instant case.
 
 
 5
 Because Xenon was not the seller and could not unilaterally effect the sale of its own stock, a jury might conclude that Xenon was acting in some sort of representative capacity for appellees, who were the sellers and who clearly benefited from Xenon's acts. Moreover, it is undisputed that appellees accepted those benefits with full knowledge of the warranties and representations contained in the written contract of sale. Each appellee was required to execute and deliver to AFP an "Investment Representation Letter", in which he acknowledged that he had received and reviewed a copy of the contract. We conclude from the foregoing that this case presents factual issues concerning apparent and implied authority, authority by estoppel, and ratification, that do not lend themselves to summary disposition. See Hedeman v. Fairbanks, Morse & Co., 286 N.Y. 240, 248-49, 36 N.E.2d 129 (1941); Cavic v. Grand Bahama Development Co., 701 F.2d 879, 887 n. 4 (11th Cir.1983); Songbird Jet Ltd. v. Amax Inc., 581 F.Supp. 912, 920 (S.D.N.Y.1984); Cullen v. BMW of North America, Inc., 490 F.Supp. 249, 252-54 (E.D.N.Y.1980). If, in fact, Xenon was acting as appellees' agent in making what AFP alleges to be false warranties and representations, appellees, having accepted the benefits with knowledge of the inducements, will be hard put to disassociate themselves from Xenon's allegedly wrongful acts. See American Society of Mechanical Engineers, Inc. v. Hydrolevel Corp., 456 U.S. 556, 565-70, 102 S.Ct. 1935, 1942-44, 72 L.Ed.2d 330 (1982); Weitnauer Trading Co. v. Annis, 516 F.2d 878, 880 (2d Cir.1975); Radiation Dynamics, Inc. v. Goldmuntz, 323 F.Supp. 1097, 1099 (S.D.N.Y.1971), aff'd, 464 F.2d 876 (2d Cir.1972).
 
 
 6
 Because of AFP's concession that it is relying on only the representations in the written contract, there is no need to comment on the district court's discussion concerning possible unwritten representations. Because we are reversing the district court's dismissal of the federal securities law claim, we likewise need not address AFP's argument that, as a result of the dismissal, the district court lost pendent jurisdiction to order arbitration. Finally, we agree with appellees that the district court's cursory reference to limitation of liability did not create an issue for this Court to consider. The district court, having found no liability, never reached the question whether a recovery by AFP would be limited to an escrow fund containing AFP stock, which was set up pursuant to the terms of the contract.
 
 
 7
 Although the contract provided that all controversies arising under or in connection with it would be settled by arbitration, this provision is, of course, unenforceable under the law of this Circuit insofar as the securities law claim is concerned. Greater Continental Corp. v. Schechter, 422 F.2d 1100, 1103 (2d Cir.1970). Cf. Dean Witter Reynolds, Inc. v. Byrd, --- U.S. ----, 105 S.Ct. 1238, 1240 n. 1, 84 L.Ed.2d 158 (1985), indicating that the Supreme Court considers this an open question. However, appellee Ross has a common law breach of contract claim against AFP, which is arbitrable. The contract of sale provided in substance that, as part of the deal, AFP and Ross would execute a three-year employment agreement upon terms and conditions acceptable to Ross. The agreement never was executed, but Ross went to work for AFP anyway and was discharged after he had been employed for less than six months. When AFP brought the instant action, Ross promptly demanded arbitration of his claim. AFP then sought an order staying the arbitration and directing Ross to assert his claim as a counterclaim in the action. The district court had no alternative but to deny this relief. Dean Witter Reynolds, Inc. v. Byrd, supra, 105 S.Ct. at 1241-42; NPS Communications, Inc. v. Continental Group, Inc., 760 F.2d 463, 465-66 (2d Cir.1985).
 
 
 8
 Because of the Supreme Court's unequivocal language in Dean Witter, supra, the district court also was bound to grant appellees' request for arbitration of AFP's claim of common law fraud. However, because AFP's counsel has assured this Court that, if the securities claim is remanded to the district court, AFP will withdraw its state law claim for fraud, we think it will simplify procedures if, instead of affirming, we vacate the part of the district court's judgment that orders arbitration of the state law claim, without prejudice to its immediate reinstatement if, upon remand, AFP fails to withdraw that claim promptly.
 
 
 9
 In summary, the decision and order of this Court is as follows:
 
 
 10
 1. The part of the district court's judgment that dismisses Count I of the complaint is reversed, and the issues alleged in that Count are remanded to the district court for further proceedings consistent with this opinion.
 
 
 11
 2. The part of the judgment that orders arbitration of the common law breach of contract claim of appellee Ross is affirmed.
 
 
 12
 3. The part of the judgment that orders arbitration of AFP's state law claim and enjoins litigation of this claim is vacated without prejudice to its reinstatement should AFP fail to withdraw this claim promptly upon remand.