■ OPHER PAIL, Appellant, v PRECISE IMPORTS CORPORATION, Doing Business as PRECISE INTERNATIONAL, et al., Respondents, et al., Defendant. [681 NYS2d 498] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered January 22, 1998, dismissing the complaint as against defendants-respondents, and bringing up for review an order, same court and Justice, entered on or about November 13, 1997, which, in an action by a former corporate employee and alleged shareholder for breach of an employment contract, violation of Labor Law § 740 (the whistleblowers' statute) and derivatively for corporate waste and an accounting, granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

We agree with the motion court that the May 10, 1995 document relied upon by plaintiff to support his claim for breach of

contract is not a memorandum sufficient to satisfy the Statute of Frauds, since it is completely silent as to any new terms of employment even though plaintiff had already been in defendants' employ for several years, and is also silent as to the commencement date, which is an essential term (*see*, *Lalonde v Modern Album & Finishing Co.*, 38 AD2d 960, *affd* 35 NY2d 804; *Merschrod v Cornell Univ.*, 139 AD2d 802, 805). It does not avail plaintiff to argue that the missing terms may be supplied by other writings when he does not submit any such other writings. In view of the foregoing, it is unnecessary to determine whether the subject document is too indefinite, or whether plaintiff waived his breach of contract cause of action by electing his remedy under Labor Law § 740 (7). The cause of action under the whistleblowers' statute was properly dismissed because coverage thereunder is triggered only by an actual violation of a law, rule or regulation, an employee's good faith but erroneous belief that such a violation exists being insufficient (*Bordell v General Elec. Co.*, 88 NY2d 869; *Capobianco v American Stock Exch.*, 233 AD2d 189, *lv denied* 89 NY2d 810). As the motion court stated, plaintiff's allegations that defendant violated its Federal and State tritium distribution licenses by failing to perform certain tests and to impose the governing regulatory standards upon its foreign vendor are conclusory. The derivative claim based upon plaintiff's alleged status as a shareholder of one of the corporate defendants was properly dismissed in reliance upon the statement in the corporate certificate of dissolution that no shares had been issued. This certificate was not rebutted by the "supplement to private offering memorandum" listing plaintiff as a shareholder, there being no showing that such supplement had ever become effective. Plaintiff's claim for an accounting based upon his standing as a corporate officer is also not viable. Concur— Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.