■ ERIC M. JONES, as Administrator of the Estate of LAURA A. JONES, Deceased, Respondent, v. OTIS ELEVATOR COMPANY, INC., Appellant, et al., Defendants.— In a consolidated negligence action to recover damages for personal injury and wrongful death, the defendant Otis Elevator Co., Inc., appeals from an order of the Supreme Court, Kings County, entered January 20, 1965 after a pretrial hearing, which on the court's own motion granted a preference in trial pursuant to rule 8 of the Rules of the Supreme Court, Kings County, and pursuant to CPLR 3403 (subd. [a], par. 3). Order reversed, without costs, and preference vacated without prejudice to a future application for a preference, if plaintiff be so advised. At a pretrial hearing the preference was granted in the interests of justice, based upon the pleadings and the bill of particulars alleging injuries resulting in the death of a three-year-old child. There is, however, no record or transcript of the stenographic minutes showing the facts upon which the court based its determination. The grant of a preference in

trial must be vacated in the absence of a factual basis therefor in the record presented for review (*Montelione* v. *Econ-O-Wash of New Jersey,* 19 A D 2d 545; *Abramson* v. *Kenwood Labs.,* 17 A D 2d 626). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.