THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALAN WATSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 19, 1967, convicting him, after a jury trial, of burglary in the third degree and petit larceny. This appeal has brought up for review an intermediate order of said court, made on November 23, 1966 after a hearing, which denied his motion to suppress certain evidence. Judgment and order affirmed. In our opinion, the circumstances herein present a classic case sustaining a detention under the "Stop and Frisk" statute (Code Crim. Pro., § 180-a). We hold that a police officer, who responds to a radio patrol call and corners an alleged prowler after a chase, has reasonable grounds to detain the suspect for routine questioning and may require him to accompany the officer to the scene of the offense (see *People* v. *Taggart,* 20 N Y 2d 335; *People* v. *Peters,* 18 N Y 2d 238; cf. *People* v. *Gallmon,* 19 N Y 2d 389). We have considered defendant's other contentions and find them to be without merit. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

SALVATORE P. RIZZO et al., Respondents, v. EDWARD D. GROEBER et al., Appellants.— Order of the Supreme Court, Kings County, dated October 10, 1967, reversed, without costs, and preference vacated, without prejudice to a further application for a preference, if plaintiffs be so advised. The grant of a preference in trial must be vacated in the absence of a stenographic transcript of the pretrial hearing or other appropriate record showing a factual basis therefor (*Jones* v. *Otis Elevator Co.,* 24 A D 2d 451; *Abramson* v. *Kenwood Labs.,* 17 A D 2d 626, 627). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

ALBERT ROLNICK, Respondent, v. JACOB ROLNICK, Defendant-Appellant and Third-Party Plaintiff. ADELPHI HOLDING CORP. et al., Third-Party Defendant.— Appeal by defendant from an order of the Supreme Court, Nassau County, dated December 1, 1967, which denied defendant's motion for summary judgment predicated upon the ground that the cause of action alleged in the complaint is barred by the Statute of Limitations. Order reversed, with $30 costs and disbursements, and summary judgment granted in favor of defendant, dismissing the complaint. In our opinion, regardless of the label applied by plaintiff, the cause of action alleged is for the traditional tort of inducing a breach of plaintiff's employment contract. The cause of action accrued on March 16, 1962, and was governed by the three-year Statute of Limitations relating to actions to recover damages for injury to property (former Civ. Prac. Act, § 49, subd. 7). The present action, commenced on February 11, 1966, is thus barred. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur. [55 Misc 2d 243.]