Alexander W. Kramer, J.
This is a motion by the plaintiff to strike the defendants-’ jury demand.
The plaintiff, as landlord, entered into a lease with the defendants for premises located in Oakdale, County of Suffolk. Paragraph 23 of said lease provides that: ‘ ‘ It is mutually agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Tenant’s use or occupancy of said premises, and/or any claim o.r injury or damage.” The plaintiff contends that the waiver is enforcible in the present litigation since it is based on property damage and rental arrears stemming from the defendants’ "use of the afore-mentioned premises. The defendants contend that the waiver is rendered null and void by *729 section 259-c of the Beal Property Law. Said section renders ineffectual any jury waiver provision in a lease in any action for personal injury or property damage.
In Lindenwood Realty Co. v. Feldman (72 Misc 2d 68), the Appellate Term of the Second Department rendered a short memorandum decision which stated that the jury waiver provision in a lease may not be invoked with respect to a landlord’s claim for property damage. Justice G-ulotta filed a dissenting opinion therein in which he states (p. 69) that the words ‘ ‘ personal injury ” or u property damage ’ ’ refer to tort actions arising out of a liability imposed by law for negligence, or even a willful tort, but not out of a contract. The learned Justice regarded section 259-c of the Real Property Law as a companion section to section 5-321 of the G-eneral Obligations Law which invalidates a provision in a lease which purports to exempt a landlord from liability for damages for injuries to person or property due to his own negligence. In Lindenwood Realty Co. v. Feldman (40 A D 2d 855) the Appellate Division reversed on the dissenting opinion of Mr. Justice G-ulotta.
In Swinger Realty Corp. v. Kizner Imports (70 Misc 2d 742) the Appellate Term in the First Department found the jury waiver provision in a lease void since the action was based upon damages sustained to the premises when the tenant installed a security gate on the premises — said action being characterized as an action for property damage under section 259-c of the Beal Property Law. However, Justice Lupiauo, in his concurring opinion, stated (p. 743) that “ a claim for property damage arising solely out of the contractual provisions of the very lease which contains the jury waiver provision, and not out of some other contractual relationship or incidental to a claim for personal injury should not in reason warrant invocation of a policy voiding the jury waiver provision.” While admittedly disposed to sustain the waiver, Justice Lupiako felt that the literal language of the statute left no room for judicial interpretation, lest the legislative intent be aborted.
Notwithstanding the sentiment in the First Department, this Department, which is the controlling authority for this court, has interpreted section 259-c of the Real Property Law as applying only to tortious acts, excluding those acts which are covered by the contract. Research reveals no Court of Appeals decision which would resolve this apparent diversity of opinion.
In the instant matter, the plaintiff sues for rental arrears and the cost of painting, re-renting and legal fees occasioned *730 by the defendants’ alleged default. All these items are covered by the lease and would therefore, under Lindenwood Realty (supra) permit the plaintiff to invoke the contractual jury waiver provision. Since the court finds that the waiver provision applies with respect to the circumstances of this case, and the parties may agree to such a waiver (see Waterside Holding Corp. v. Lash, 233 App. Div. 456), the demand must be stricken.
In accordance with the foregoing, the plaintiff’s motion to strike the jury demand should be granted.