■ LAURA MARGOLIES et al., Respondents, v. ENCOUNTER, INC., et al., Appellants.— Order, Supreme Court, New York County, entered May 17, 1974, granting temporary injunction and denying defendants' motion to dismiss the complaint unanimously modified, on the law and the facts, and as a matter of discretion, to vacate the temporary injunction, and otherwise affirmed, without costs and without disbursements. Defendant Encounter, Inc., is an organization chartered by the New York State Drug Abuse Control Commission (DACC) to provide residential and ambulatory services for drug dependent persons. It has for some years operated a shelter for drug affected minors and enjoys an enviable reputation in its field. In February, 1974 it was forced to vacate the premises it occupied in Brooklyn due to a sale of the building. After some unsatisfactory negotiations for other premises, it was able to lease the building located at 35 East 68th Street, which had been a residence club. It applied to DACC for permission to conduct its activities at that site, and on February 13, 1974, DACC sent a letter, written by a Senior Community Representative. As regards the request for approval, the letter reads: "Per our telephone conversation of a few weeks ago, your relocation of a residence to 35 East 68 Street is approved by the Commission." The letter goes on to discuss procedures in the hiring of personnel. Thereupon, on March 1, 1974, Encounter moved into the building. This suit, brought by certain tenants of the building and a neighborhood association, followed, and an application was made for a temporary injunction. Special Term found that the proof submitted by the plaintiffs showed no irreparable harm — in fact, no harm at all. However, the Assistant Commissioner of DACC wrote the Justice Presiding at Special Term a letter in which he explained that the letter of approval above quoted did not constitute an approval of the site but only permission to look for a new location, and that actually the location was disapproved. A letter of the same date (April 9, 1974) to Encounter advising of such disapproval was enclosed. Faced with this abrupt change of position, Special Term made what appears on the surface to be an eminently practical resolution. The court enjoined the occupancy of the building, with permission to move to vacate the injunction upon receiving DACC approval, and directed an early trial. However, the benefit of this determination is illusory. There has been no early trial, and it is quite certain there will be none for some months. Nor is an early resolution by DACC reasonably foreseeable. The letter of April 9 gives three grounds for rejection. The first of these is failure to have approval by the Addiction Services Agency (ASA). That body, in a determination antedating the April 9 letter, took the position that, as Encounter was receiving Federal funds through the State and not through the city agency, it had no jurisdiction in the matter. Incidentally, it interpreted the DACC letter of February 13 as final approval of the site. Herein lies the seed of an interbureau controversy, DACC asserting that the move needs ASA approval before DACC will act, and ASA asserting that in the situation it will not approve or disapprove because of lack of power. The merits of this controversy are

not before us. But it is clear that the fate of Encounter's proposed move will not be simply or speedily determined. As regards the other two objections, one has already been removed, and the other, inspection of the lease, can be quickly resolved. We conclude that the temporary injunction cannot be sustained as a discretionary solution to a knotty problem, and fall back upon whether a case for injunctive relief was made out. Special Term, as indicated, found that the primary requisite for injunctive relief, namely, irreparable harm to the plaintiffs, was not shown at all. However, the court granted the relief on the ground that it was protecting the interest of the minors who are being served by Encounter. Just how their interest is being served by denying them temporary shelter and service while the bureaucratic procedures are ironed out is not apparent. In this connection it should be noted that DACC disclaims any objection to Encounter's general operation, only to the site it selected. And if this is serious, nothing prevents DACC from itself, through the Attorney-General, seeking an injunction as provided by statute (Mental Hygiene Law, § 81.38). The interest of the minors not having been shown to be adversely affected, the injunction rests on no foundation at all and must be vacated. Concur — Kupferman, J. P., Murphy, Steuer and Tilzer, JJ.