Hyman Korn, J.
Motion by defendant City of New York to dismiss the second cause of action of the complaint and for summary judgment.
The complaint alleges two causes of action. The first cause of action is solely against the defendant St. Matthew & St. Timothy’s Housing Corporation ("St. Matthew’s”) to recover $1,500,000 for an alleged breach of contract. The second cause of action for recovery in the same amount is alleged against all other defendants, including the movant, and alleges the *54 inducement of the breach of contract alleged in the first cause of action.
The defendant City of New York’s answer alleges plaintiff’s failure to state a cause of action and failure to comply with the mandatory notice of claim requirements of sections 50-e and 50-i of the General Municipal Law and/or section 394a-1.0 of the Administrative Code of the City of New York.
Plaintiff, in its opposing papers, concedes that no notice of claim had been filed prior to the commencement of this action but contends that a notice of claim is not required in an action against the city for the wrongful inducement of a breach of contract. Defendant admits that the sole question to be disposed of herein is whether or not the inducement of a breach of contract is a tort within the meaning of the provisions of the General Municipal Law and Administrative Code.
Plaintiff advances an intricate and interesting argument to support his contention that the language of the notice of claim requirement of sections 50-e and 50-i of the General Municipal Law should be construed as being limited to actions for physical damage to tangible personal property and personal injury. However, even assuming arguendo that there is merit to this contention with respect to section 50-i, nonetheless section 394a-1.0 of the Administrative Code is indisputedly absolute in its language requiring a notice of claim, "In every action or special proceeding, prosecuted or maintained against the city”.
In any event, plaintiff’s interpretation of the statutes is predicated primarily upon analogy and upon the Legislature’s choice of language. As such, plaintiff’s contentions are without merit. Section 50-i provides that "No action or special proceeding shall be prosecuted or maintained against a city * * * for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city”.
It is well established that the wrongful interference with contractual relations is a traditional tort. Further, the term "personal property” is very broadly defined in section 39 of the General Construction Law to include tangible or intangible property interests. Indeed, this term is used to define every type of property which is not "real estate.” (See Matter of Althause, 63 App Div 252, 255, affd 168 NY 670.) Manifestly, the language of the General Municipal Law both 50-e and 50-i and section 394a-1.0 of the Administrative Code demonstrate *55 that a notice of claim is required where, as here, the gravamen of the complaint is in tort.
Accordingly, defendant’s motion is granted.