■ ROBERT ALTIERI, Appellant, v MAUREEN ALTIERI, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered December 30, 1974 in Albany County, which granted defendant's motion for a trial preference for this action. Seeking to impress a trust on real property held solely in the name of his defendant wife, plaintiff commenced this action by filing a notice of pendency in the Albany County Clerk's office on December 10, 1973 and service of summons on December 19, 1973. Subsequently, at Special Term in Schenectady County, defendant moved for a trial preference for this case on the grounds that she was "in need of the moneys to be collected from the sale of the subject property" and that this action was "inextricably tied to a separate action for an annulment or divorce sought by the defendant". As noted above, Special Term granted her motion, and this appeal followed. We agree with plaintiff that the order appealed from must be reversed. Other than defendant's bare assertions of her grounds for relief, the record contains nothing to support Special Term's action. Certainly, in defendant's affidavit in support of her motion, there is no clear and explicit statement of facts which would justify the grant of a preference (see 7 Carmody-Wait 2d, New York Practice, § 50.38), and it "must be vacated in the absence of a factual basis therefor in the record presented for review" *(Rizzo v Groeber,* 29 AD2d 987; *Jones v Otis Elev. Co.,* 24 AD2d 451, 452). Furthermore, this motion should properly have been made at Trial Term in Albany County, thus enabling the Trial Justice to maintain control over the calendar *(Vinal v New York Cent. RR. Co.,* 48 Misc 2d 362; Joseph M. McLaughlin, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR 3403, 1974–1975 Pocket Part, p 12; 7 Carmody-Wait 2d, New York Practice, § 50.38). Order reversed, on the law and the facts, without costs and without prejudice to renewal of the motion on proper papers if the defendant be so advised. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.