## (December 28, 1976)

■ HANNIBAL GENERAL CONTRACTORS, INC., Appellant, v ST. MATTHEW AND ST. TIMOTHY'S HOUSING CORPORATION et al., Defendants, and CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered on June 10, 1975, unanimously affirmed on the opinion of Korn, J., without costs and without disbursements. Concur—Stevens, P. J., Markewich, Kupferman, Murphy and Silverman, JJ. [83 Misc 2d 53.]

■ LAURA MARGOLIES et al., Respondents, v ENCOUNTER, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered on November 18, 1976, affirmed, without costs and without disbursements, for the reasons stated by Spiegel, J., at Special Term. We add only that the following cases, read seriatim, support a conclusion that, the action having been discontinued on consent because the necessity for injunction had become academic, the final determination contemplated by the undertaking never came about. (See *Williams v Montgomery,* 148 NY 519; *Freifeld v Sire,* 96 App Div 296; *Perlman v Bernstein,* 83 App Div 203; *Palmer v Foley,* 71 NY 106.) Concur—Markewich, J. P., Kupferman, Lupiano and Silverman, JJ.; Nunez, J., dissents in a memorandum, as follows: Nunez, J. (dissenting). At plaintiffs' request, Special Term granted them a preliminary injunction conditioned upon their posting a bond. The bond was duly filed. It provides "that the Plaintiffs will pay to the Defendants * * * such damages and costs not exceeding the sum of TEN THOUSAND AND NO/100 ($10,000.00) Dollars as they may sustain by reason of the injunction, if the Court shall finally decide that the Plaintiffs were not entitled thereto". On appeal we vacated the preliminary injunction holding that it had been improperly issued because "the injunction rests on no foundation at all and must be vacated." (45 AD2d 833, 834.) Our ruling was not appealed. Thus, the court has finally decided, in no uncertain terms, that the plaintiffs were not entitled to the preliminary injunction. It seems to me immaterial that the complaint for a permanent injunction was not dismissed as the action for a permanent injunction was discontinued without prejudice to defendants' rights to claim on the undertaking. The undertaking was given to protect the plaintiffs from the improper preliminary injunction. The majority's decision eliminates the intended protection. The record supports the finding by the Special Referee and Special Term that plaintiffs' damages exceed the amount of the bond. I would reverse and grant judgment in plaintiffs' favor in the sum of $10,000.