EFFECTIVE COMMUNICATIONS WEST, INC., Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF THE SOLE SUPERVISORY DISTRICT OF CATTARAUGUS, ERIE AND WYOMING COUNTIES, Appellant.

Fourth Department, May 27, 1977

486

*Shane & McCarthy (J. Michael Shane* of counsel), for appellant.

*Moriarty & Swanz (Donald J. Swanz* of counsel), for respondent.

GOLDMAN, J. Defendant appeals from Special Term's denial of its motion to dismiss the second cause of action in plaintiff's complaint. Defendant contends that that cause of action sounds in tort and is therefore time-barred by virtue of section 3813 of the Education Law and section 50-i of the General Municipal Law.

This dispute arises out of a written contract executed in 1971 in which the plaintiff, a California corporation, agreed to install television equipment forming a part of a local and countywide educational television network in Cattaraugus County. Differences arose between the parties and progress under the contract was stalemated in early 1973. After a meeting in May, 1973 failed to resolve the differences, there

followed an exchange of correspondence finally ending with a letter of August 22, 1973 by which the defendant's attorney advised plaintiff's attorney, in effect, that defendant had elected to terminate the contract. The letter further stated that defendant would not pay plaintiff $65,000 which plaintiff had proposed as part of a settlement. By resolution of August 30, 1973 the defendant board approved the contents of its attorney's letter. Plaintiff therefore uses August 30, 1973 as the date of accrual of its causes of action because the resolution was defendant's first formal notice of its intentions with respect to the contract.

Plaintiff's notice of claim, alleging, *inter alia,* that defendant had arbitrarily terminated the contract on August 30, 1973, was duly served on November 26, 1973, which, as defendant concedes, was within the 90 days limited by section 3813 of the Education Law and section 50-e of the General Municipal Law assuming that August 30, 1973 was the accrual date. On December 10, 1973, within the 90 days limited by section 50-h of the General Municipal Law, defendant served upon plaintiff a demand for oral examination of plaintiff's president, Garr Johnson. After an exchange of letters and phone calls, the examination was held on July 30, 1974. On November 15, 1974 Garr Johnson and the plaintiff corporation filed bankruptcy petitions in California, and by orders dated November 21, 1974 they were adjudicated bankrupt. Defendant received notice of the orders on December 10, 1974. Believing that plaintiff was under a disability to file a complaint after the filing dates of the bankruptcy petitions because the claim was listed therein as an asset and was under the jurisdiction of the bankruptcy court, plaintiff's attorney procured an order of the California Federal court, dated January 13, 1975, declaring the claim to have been abandoned by the bankruptcy trustee. A copy of the order was received by the plaintiff's attorney on January 24, 1975. Plaintiff's summons and complaint in this action were served on the defendant on March 24, 1975, which was one year and 206 days subsequent to the alleged accrual date of August 30, 1973. The service was also 237 days subsequent to the completion of the oral examination of Garr Johnson on July 30, 1974, and at least two months subsequent to plaintiff's receipt of notice of the abandonment of the claim by the bankruptcy trustee.

The complaint, for its first cause of action, alleges that:

"The Defendant has breached the contract by requiring the Plaintiff to perform work and provide services that were not required by the terms of the contract; by failing to make timely payments for equipment and services furnished and rendered by the Plaintiff; by interfering with the Plaintiff's orderly performance of its work; and by arbitrarily terminating the contract." The first cause further alleges that defendant's arbitrary termination has rendered it impossible for plaintiff to complete the contract, and that plaintiff has therefore been damaged in the sum of $168,116.68, representing lost profits and the unpaid balance of the fair and reasonable value of the work performed. For a second cause of action, the plaintiff realleges the first cause *in toto* and further alleges that: "As a direct and proximate result of the conduct of the Defendant the Plaintiff has sustained serious economic loss, all to its detriment. The Defendant in doing the things alleged herein acted maliciously toward the Plaintiff, or with such recklessness as to justify the assessment of punitive damages against the Defendant in the sum of Two Hundred Thousand ($200,000) Dollars."

Special Term denied defendant's motion to dismiss the complaint, and defendant appeals only from so much of Special Term's order as relates to the second cause of action. The correctness of the order insofar as it sustained the first cause of action is not in dispute.

Subdivision 2 of section 3813 of the Education Law provides in part that: "no action * * * founded upon tort shall be prosecuted or maintained against * * * [a school district] * * * unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law. Every such action shall be commenced pursuant to the provisions of section fifty-i of the general municipal law". Defendant does not deny that plaintiff's notice of claim was filed within 90 days of the accrual of the cause of action, as required by section 50-e of the General Municipal Law. Defendant does contend, however, that the summons and complaint were not served within the time limited by subdivision 1 of section 50-i of the General Municipal Law which provides that: "No action * * * shall be prosecuted or maintained against a * * * school district for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such * * * school district * * * unless . * * * (c) the action * * * shall be com-

menced within one year and ninety days after the happening of the event upon which the claim is based".

Special Term's denial of defendant's motion to dismiss the complaint rested upon two alternative holdings: (1) that section 50-i of the General Municipal Law was inapplicable because plaintiff's claim was "essentially contractual" and not one for "personal injury or damage to real or personal property"; or (2) that if the one year and 90-day limitation of section 50-i of the General Municipal Law was applicable, service was timely because by subdivision 5 of section 50-h of the General Municipal Law plaintiff was under disability to serve its complaint until the taking of the deposition of plaintiff's president, which defendant had demanded, during which interval the one year and 90-day Statute of Limitations was tolled.

The first question is whether plaintiff's "second cause of action", so-called, is "founded upon tort", so that the action was required to be "commenced pursuant to the provisions of section fifty-i of the general municipal law" (Education Law, § 3813, subd 2). Special Term concluded, as plaintiff has maintained throughout, that the complaint is founded upon breach of contract and did not become a tort claim simply because punitive damages were alleged. The first cause of action explicitly alleges that the defendant "has breached the contract" by certain specified conduct. The portion of the complaint styled "second cause of action" does not allege any additional conduct on the part of defendant. It simply realleges the first cause of action, states repetitively that defendant has caused "serious economic loss" to plaintiff, and alleges that defendant acted maliciously or so recklessly as to justify the assessment of punitive damages. This case is thus analogous to *Knibbs v Wagner* (14 AD2d 987), where the complaint in an automobile negligence action set forth a "so-called second cause of action seeking recovery for punitive damages because of the defendant's 'gross, wilful and wanton negligence' in undertaking to drive the car after 'voluntarily getting drunk'". In *Knibbs* we observed that "[t]he claim for punitive damages is not a separate cause of action; it merely constitutes 'an element of the single total claim for damages' *(Gill v Montgomery Ward & Co.,* 284 App. Div. 36, 41)". Thus, as plaintiff contends, the complaint sounds wholly in contract, and "the claim for punitive damages is so much a part of the first cause of action that it cannot be separated therefrom".

In contending that the second cause of action is founded upon tort, defendant relies in part on *Hannibal Gen. Contrs. v St. Matthew & St. Timothy's Housing Corp.* (83 Misc 2d 53, affd 55 AD2d 583). There it was held that a complaint which alleged that the City of New York wrongfully induced a breach of contract stated a tort claim and was subject to the notice-of-claim requirements of sections 50-e and 50-i of the General Municipal Law. The court deemed it "well established that the wrongful interference with contractual relations is a traditional tort" (83 Misc 2d, at p 54). *Hannibal,* however, is distinguishable because there the parties who were alleged to have interfered with the contract and induced the breach were not parties to the contract, whereas here the defendant is a contracting party. Thus, while the allegation that defendant interfered with "plaintiff's orderly performance of its work" might sound in tort if defendant were a stranger to the contract, we conclude that here it sounds in contract. The duties alleged to have been breached are duties which have the contract as their source and measure (cf. *Wegman v Dairylea Co-op.,* 50 AD2d 108, 112 [allegation of breach of contract does not state tort cause of action, absent additional allegations that there was wrongdoing which breached a duty distinct from contract]).

For similar reasons we reject defendant's argument that the "second cause of action" states a claim of prima facie tort. The elements which distinguish the prima facie tort are the intentional infliction of harm, done with the purpose to injure the plaintiff, without economic or social justification, by means which would be lawful but for the malicious intent *(Wegman v Dairylea Co-op., supra,* p 114; *Morrison v National Broadcasting Co.,* 24 AD2d 284, 287, revd on other grounds 19 NY2d 453; *Ruza v Ruza,* 286 App Div 767, 769). It is said that "[t]he need for the doctrine of prima facie tort arises only because the specific acts relied upon—and which it is asserted caused the injury—are not, in the absence of the intention to harm tortious, unlawful, and therefore, actionable" *(Ruza v Ruza, supra,* p 769). The specific acts alleged in the instant complaint, however, are not otherwise lawful and nonactionable; they are alleged to have been done in breach of a contract and, therefore, unlawfully. Just as acts remediable within the traditional or "classical" tort categories are not cognizable under a prima facie tort theory *(id.,* pp 769-770), the acts alleged herein, so clearly cognizable under the theory of

breach of contract, afford no occasion to invoke the theory of prima facie tort.

Finally, defendant notes that the text of subdivision 1 of section 50-i of the General Municipal Law refers generally to "personal injury or damage to real or personal property * * * by reason of * * * negligence or wrongful act", rather than specifically to "torts". While this language is arguably broad enough to encompass some nontort causes of action, the heading of the section does refer specifically to "presentation of tort claims". Because the heading was enacted by the Legislature, it may properly be considered to "clarify or point the meaning of an imprecise or dubious provision" (McKinney's Cons Laws of NY, Book 1, Statutes, § 123, subd b, pp 248-250). More importantly, subdivision 2 of section 3813 of the Education Law which is *in pari materia* with section 50-i of the General Municipal Law (see McKinney's Cons Laws of NY, Book 1, Statutes, § 221, pp 374-377), refers to section 50-i only in the context of proceedings "founded upon tort". Thus it is plain that neither section applies to contract actions.

Special Term was correct in holding that the complaint sounds in contract and that the one year and 90-day Statute of Limitations of section 50-i of the General Municipal Law was inapplicable. It therefore becomes unnecessary to reach or review Special Term's alternative holding. The order should be affirmed.

MARSH, P. J., MOULE, CARDAMONE and DILLON, JJ., concur.

Order unanimously affirmed, with costs.