■ JIHL ASSOCIATES, Respondent, v SEYMOUR B. FRANK et al., Defendants and Third-Party Plaintiffs-Appellants. NATIONAL GENERAL CORPORATION et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. — In an action by a lessor to, *inter alia,* recover damages for alleged breaches of leases, the defendants and third-party plaintiffs and the third-party defendants National General Corporation, Fox Eastern Theatres Corporation, Mann Theatres Corporation of California, National General Theatres, Inc., Fox Midwest Theatres, Inc., and Fox Inter-Mountain Theatres, Inc. (hereinafter third-party defendants), appeal from an order of the Supreme Court, Nassau County (Widlitz, J.), dated September 13, 1983, which granted plaintiff's motion to strike the defendants and third-party plaintiffs' demand for a jury trial and transferred the case from the Trial Calendar of a jury part to that of a nonjury part.

Order modified by adding thereto a provision severing so much of the plaintiff's third and sixth causes of action as seek to recover damages against the individual defendants Seymour B. Frank and Sidney Sinetar, and directing that said portions of those causes of action be tried separately before a jury. As so modified, order affirmed, without costs or disbursements.

Special Term granted the motion of the plaintiff lessor to strike defendants' demand for a jury trial of every cause of action pleaded in the complaint, predicated upon a provision in the subject leases which stated that the "Lessor and Lessee * * * waive * * * trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the relationship of the Landlord and Tenant, Lessee's use or occupancy of said premises, or any claim of injury or damage". Said provision was allegedly incorporated by reference into subleases and subsequent assignments of the subleases.

Defendants and third-party defendants contend that the jury waiver provisions are void under section 259-c of the Real Property Law.

Section 259-c invalidates such a jury waiver provision in "any action for personal injury or property damage". That provision is not applicable to an action to recover damages arising out of a breach of the contractual provisions of the lease because the words "personal injury or property damage" traditionally refer to "tort actions arising out of a liability imposed by law for negligence, or even a willful tort, but not out of a contract" (see *Lindenwood Realty Co. v Feldman,* 72 Misc 2d 68, 69 [dissent opn of Gulotta, J.], revd 40 AD2d 855 on dissenting opn at App Term). Nor would this section, by its own definition, have any application to an action seeking relief in equity. As a general rule, equitable actions, such as an action for specific performance, are not within the constitutional guarantee of the right to a jury trial (see 7 Carmody-Wait 2d, NY Prac, § 49:5).

With two exceptions, all the causes of action pleaded in the plaintiff's complaint seek either specific performance of the subject leases or seek to recover damages arising out of a breach of the subject leases. Therefore, as to every cause of action pleaded in the lessor's complaint, other than those portions of the third and sixth causes of action which are asserted against the individual defendants, the subject jury waiver provisions are valid and enforceable because section 259-c of the Real Property Law is inapplicable.

Insofar as the third and sixth causes of action seek to recover damages against the individual defendants, in their capacity as corporate shareholders and officers, for inducing the corporate defendants to breach the terms of their respective leases with plaintiff, such claims are actionable as intentional torts (see *Di Nardo v L & W Ind. Park,* 74 AD2d 736; *Rolnick v Rolnick,* 55 Misc 2d 243, revd on other grounds 29 AD2d 987, affd 24 NY2d 805; Prosser, Torts [4th ed], § 129, pp 927-946; 15 NY Jur 2d,

Business Relationships, § 1077). With respect to these intentional tort causes of action, the subject jury waiver provisions are void under section 259-c of the Real Property Law. Consequently, so much of the third and sixth causes of action against the individual defendants for inducing breach of contract should have been severed for a trial by jury.

We have reviewed appellants' other contentions and find them to be without merit. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.