■ 81 FRANKLIN Co., Respondent-Appellant, v GINO GINACCINI, Appellant-Respondent.—Order of the Appellate Term, First Department, entered on or about February 21, 1989, which affirmed a final judgment in favor of petitioner in a summary nonpayment proceeding of the Civil Court, New York County (Marshall Berger, J.), entered on December 15, 1987, is unanimously affirmed, with costs and disbursements.

Defendant was a tenant at plaintiff landlord's premises at 81 Franklin Street in Manhattan. Tenant utilized landlord's premises as a sculpture casting studio and an art studio displaying sculpture. In January of 1987, the landlord began construction of a new elevator, the shaft of which ran through tenant's gallery. Such construction adversely affected tenant's use of the premises as a gallery due to noise, scattered dust and debris, and the moving of track lighting.

Partial actual eviction is a defense to a nonpayment action. Where there is a partial eviction, the tenant's obligation to pay rent is entirely suspended *(Bijan Designer for Men v St. Regis Sheraton Corp.,* 142 Misc 2d 175, *affd* 150 AD2d 244). A partial eviction, however, cannot be asserted as an affirmative claim to obtain a refund for rent already paid *(487 Elmwood v Hassett,* 107 AD2d 285). Yet, a tenant is not without recourse. The tenant may recover in damages the proportionate part of the rent of that portion of the premises from which he was evicted *(487 Elmwood v Hassett, supra,* at 289). The Civil Court's determination that the tenant was deprived of half of the gallery space, or 25% of the total space, during construction and 1% of the total space thereafter for the space that the elevator shaft occupied established a reasonable and sufficient abatement. The award, moreover, does not prejudice the tenant's right to pursue the claim for loss of profits which was severed prior to trial. Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.