OPINION OF THE COURT
Louise Gruner Gans, J.
In November 1983, plaintiff landlord and defendant tenant executed a five-year commercial lease for the entire second floor of the building located at 81 Franklin Street for use as an "art gallery with work area for sculpturing and for making molds in preparation for casting sculpture works.” Paragraph 26 of the lease provides in pertinent part that jury trial is waived "in any action, proceeding or counterclaim brought by either of the parties hereto against the other (except for personal injury or property damage) on any matters whatsoever arising out of or in any way connected with this lease.”
In March 1987, plaintiff commenced a nonpayment summary proceeding against defendant. In response to plaintiff’s amended petition, defendant interposed an answer that included a counterclaim for $200,000 in damages for "lost revenue” based on breach of the lease. In July 1987, the counterclaim was severed with the proviso that it could be placed on the general Civil Court Calendar.
The nonpayment proceeding was tried before the Honorable Marshall Berger, who, in a decision entered December 15, 1987, awarded plaintiff possession of the premises and a money judgment but with a rent abatement based on partial eviction. The trial court’s decision was subsequently affirmed by both the Appellate Term, First Department, and Appellate Division, First Department. The Appellate Division expressly held that the "award * * * does not prejudice the tenant’s right to pursue the claim for loss of profits which was severed prior to trial.” (81 Franklin Co. v Ginaccini, 160 AD2d 558, 559 [1st Dept 1990].)
In May 1990, defendant served a notice of trial including a jury demand for the cause of action involving the former counterclaim for breach of the lease. Plaintiff now moves to strike the jury demand, based on the jury waiver provision in paragraph 26 of the lease. Defendant contends that the jury waiver is inapplicable under section 259-c of the Real Property Law, because loss of revenue as a result of damage to business is a claim for "property damage”. Section 259-c provides that *126 the parties to a lease cannot waive the right to a jury trial "in any action for personal injury or property damage”.
Two issues are presented in this motion. First, whether an action for breach of contract in which plaintiff seeks to recover lost profits for injury to its business is an action for damage to property. Second, whether an action for property damages that is grounded in contract, rather than tort, falls within the proscriptions of section 259-c of the Real Property Law.
While the phrase "personal injury” is defined in section 37-a of the General Construction Law, and the phrase "property damage” is not, section 38 does define the word "property”. Under this definition "property” means "personal property” and "real property”, which are defined in sections 39 and 40, respectively. It is clear that here we are not dealing with real property. Section 39 broadly defines personal property to encompass everything except real property that is capable of being owned or transferred. (Matter of Bronson, 150 NY 1, 15 [1896] [Vann, J., dissenting]; Hannibal Gen. Contrs. v St. Matthew & St. Timothy’s Hous. Corp., 83 Misc 2d 53, 54 [Sup Ct, NY County 1975], affd 55 AD2d 583 [1st Dept 1976].)
In assessing whether something is personal property under section 39 of the General Construction Law, courts have looked to whether the item in question is owned, has great value to its owner and may be transferred. (Platt v Jones, 96 NY 24, 29 [1884].) Based on these factors, the court finds that the defendant business constitutes personal property because it is owned, is of great value to its owner, and may be bought, sold or otherwise transferred. Moreover, it is well established that when the interruption or destruction of a business is the proximate consequence of defendant’s wrongful act, plaintiff can recover resulting lost profits as a measure of injury to the personal property which plaintiff’s business represents. (Snow v Pulitzer, 142 NY 263, 270-271 [1894]; Bates v Holbrook, 89 App Div 548, 558 [1st Dept 1904]; Veverka v Spinella, 60 Misc 2d 529, 531 [Sup Ct, Greene County 1969]; Loesberg v Fraad, 119 Misc 447, 450-451 [Mun Ct, Manhattan 1922]; 36 NY Jur 2d, Damages, § 115.) Accordingly, the court concludes that defendant’s claim for lost profits is a claim for damage to business, and as such is a claim for damage to property.
The remaining question is whether Real Property Law § 259-c invalidates the jury waiver provision of the lease with respect to this claim for property damage as based on breach *127 of the lease. In construing the scope of section 259-c on this issue, the First and Second Departments have taken opposite positions.
The Appellate Division, Second Department, has repeatedly held that Real Property Law § 259-c applies only to damage claims based on tortious conduct. As interpreted by the Second Department, section 259-c is inapplicable to actions to recover damages arising out of the contractual provisions of a lease because the terms personal injury and property damage "traditionally refer to 'tort actions arising out of a liability imposed by law for negligence, or even a willful tort, but not out of a contract’ ” (JIHL Assocs. v Frank, 107 AD2d 662, 663 [2d Dept 1985], quoting Lindenwood Realty Co. v Feldman, 72 Misc 2d 68, 69 [App Term, 2d Dept 1971] [Gulotta, J., dissenting], revd on dissent at App Term 40 AD2d 855 [2d Dept 1972]; accord, Bohack Corp. v Lyric Light., NYLJ, Apr. 24, 1978, at 13, col 4 [App Term, 2d & 11th Judicial Dists]; Emmons Ave. Owners v Abbamonte, NYLJ, Mar. 20, 1978, at 14, col 6 [Civ Ct, Kings County]; Birchwood Assocs. v Steigauf, 75 Misc 2d 728, 729 [Dist Ct, Suffolk County 1973]). While recognizing that section 259-c has no legislative history, the Second Department has relied on the definition of personal injury in section 37-a of the General Construction Law and has reasoned that even though property damage is not defined there, in the Insurance Law the terms are "similarly defined” and "linked together” for the purpose of liability. (Lindenwood Realty Co. v Feldman, supra, at 69-70.) Finding that section 259-c is a "companion section” to General Obligations Law § 5-321, which invalidates a lease provision exempting a landlord from liability for "damages for injuries to person or property caused by or resulting from the [landlord’s] negligence”, the Second Department has concluded that "the purpose of section 259-c is to make the jury waiver found in the greater majority of leases ineffective in such an action” (supra, at 70).
By contrast, the Appellate Term, First Department, has applied Real Property Law § 259-c to all claims for property damage, without regard to whether the claim sounds in tort or contract. (Swinger Realty Corp. v Kizner Imports, 70 Misc 2d 742, 743 [App Term, 1st Dept 1972].) In Swinger, the landlord sued for damage to the premises caused by tenant’s installation of a security gate without the landlord’s consent. Relying on the principle that the right to a jury trial is fundamental in American jurisprudence, the majority held that "[provisions of law protective of that right may not be delimited by *128 construction” (supra, at 743). In concurrence, Judge Lupiano agreed with the Second Department’s view of the purposes of section 259-c, but, based upon the literal language of the statute and deference to legislative prerogative, felt constrained to concur (supra, at 743-744).
In Fransac Corp. v Avnet, Inc. (49 AD2d 523 [1st Dept 1975]), a majority of the Appellate Division, First Department, declined to reach the jury waiver issue and the "impact of Lindenwood”. In a separate concurrence, Justice Capozzoli stated that if the jury waiver issue were properly before him, he would follow the view adopted by the Second Department in Lindenwood (supra, at 524). Justice Lupiano dissented and strongly reaffirmed in greater detail the position he expressed in the Swinger concurrence, that a literal interpretation of Real Property Law § 259-c must be controlling and would entitle defendant to a jury trial on its property damage claim (supra, at 524-528).
The only other decision in the First Department to take a position on this issue is Seventy-Second St. Props. v Halleran (NYLJ, Sept. 24, 1976, at 6, col 1 [Civ Ct, NY County]). There, in considering the applicability of the jury waiver provision of the landlord’s claim for property damage, Judge Shea, while acknowledging the Second Department precedent, held that she was required to follow the Appellate Term, First Department’s construction of the statute and concluded that the First Department rule was consistent with recognized principles of judicial construction, as well as "our traditional solicitude for the right to jury trial” (supra, at 6, col 2).
Under the doctrine of stare decisis, this court is bound by the judicial construction of a statute rendered by the court to which an appeal from this court lies, which is the Appellate Term, First Department. (McKinney’s Cons Laws of NY, Book 1, Statutes § 72; 1 Carmody-Wait 2d, NY Prac § 2:58.) Even though the Appellate Term, First Department’s interpretation of Real Property Law § 259-c conflicts with that of the Appellate Division, Second Department, and the Appellate Division, First Department, has not yet ruled on the issue, the court finds that the interest of maintaining "orderly judicial procedure” (Seventy-Second St. Props. v Halleran, supra, at 6, col 2) "uniformity and consistency” (Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [2d Dept 1984]) dictates that it follow the interpretation of the Appellate Term, First Department, in Swinger Realty Corp. v Kizner Imports (70 Misc 2d 742, supra).
*129 The court further finds that the First Department, Appellate Term’s construction of section 259-c is more consistent with established canons of statutory interpretation. Because the language of section 259-c is plain and unambiguous, the court must construe the statute literally, and derive the legislative intent from the words of the statute, assuming that the words are used in their usual and ordinary sense. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 94; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565 [1984]; Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345 [1982]; People v Cruz, 48 NY2d 419, 428 [1979], appeal dismissed 446 US 901.) The plain words of the statute cannot be disregarded to change its scope or restrict its obvious application. (McKinney’s Cons Laws of NY, Book 1, Statutes § 73; Department of Welfare v Siebel, 6 NY2d 536, 543 [1959], appeal dismissed 361 US 535; Matter of McNerney v City of Geneva, 290 NY 505, 510-511 [1943]; Matter of Dati v Gallagher, 68 Misc 2d 692, 694 [Sup Ct, Westchester County 1971].) The court cannot by implication read into a statute a provision which it is reasonable to suppose the Legislature intentionally omitted. (McKinney’s Cons Laws of NY, Book 1, Statutes § 363; American Sur. Co. v Town of Islip, 268 App Div 92, 98 [2d Dept 1944].)
Real Property Law § 259-c voids a jury waiver provision in "any action for personal injury or property damage” (emphasis added), with absolutely no modifying or limiting language, or distinction between tort and contract actions. The word "any” is a term of general import, which is entitled to its full significance in the absence of an indication of contrary legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes § 114: Matter of Di Brizzi, 303 NY 206, 214 [1951].) Further, no legislative history shows an intent to limit the scope of section 259-c. Thus, the plain and clear language of section 259-c reveals the lawmakers’ intent to create a broad and unqualified proscription.
The language of section 259-c differs significantly from that used in section 5-321 of the General Obligations Law, because the latter expressly limits the scope of the statute to actions involving personal injury or property damage resulting from the "[landlord’s] negligence”. The Legislature’s silence as to any limiting language in section 259-c must be construed as an indication that the exclusion was intentional. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74; Pajak v Pajak, 56 NY2d 394, 397 [1982]; National Superlease v Reliance Ins. Co., *130 126 Misc 2d 988, 990 [Sup Ct, Queens County 1985], affd 123 AD2d 608 [2d Dept 1986], lv denied 69 NY2d 611 [1987].)
Moreover, while the terms "property damage” and "personal injury” may appear in various other statutes, the Legislature frequently employs the same words in different statutes with different meanings and effects. (McKinney’s Cons Laws of NY, Book 1, Statutes § 236; Matter of Sentry Ins. Co. [AmselJ 36 NY2d 291, 294-295 [1975].) Only when the statutes are similar in intent and character may the same meaning be attributed to a word used in different statutes. (McKinney’s Cons Laws of NY, Book 1, Statutes § 236; Brackett v Harvey, 25 Hun 502, 504 [3d Dept 1881], revd on other grounds 91 NY 214 [1883]; People v Bart’s Rest. Corp., 42 Misc 2d 1093, 1095 [Crim Ct, NY County 1964].)
Therefore, based upon a strict interpretation of Real Property Law § 259-c, and the fundamental nature of the right to a jury trial (see, Swinger Realty Corp. v Kizner Imports, supra; Street v Davis, 143 Misc 2d 983 [Civ Ct, NY County]), the court concludes that the jury waiver provision of the lease is inapplicable to defendant’s claim for damage to its business based on breach of the lease, and as such, defendant is entitled to a jury trial on this claim. Plaintiff’s motion to strike the jury demand is denied.