**HERMAN MILLER, INC., Plaintiff,**

v.

**THOM ROCK REALTY COMPANY, L.P., Defendant.**

**No. 92 Civ. 2125 (RWS).**

United States District Court, S.D. New York.

April 9, 1993.

Sedgwick, Detert, Moran & Arnold, New York City (Eric M. Kraus, of counsel), for plaintiff.

Hutton Ingram Yuzek Gainen Carroll & Bertolotti, New York City (David G. Ebert, Dean G. Yuzek, of counsel), for defendant.

**OPINION**

SWEET, District Judge.

Defendant Thom Rock Realty Company. L.P. ("Thom Rock"), the landlord, has moved to strike the jury demand in the complaint of plaintiff Herman Miller, Inc. ("Miller"), the tenant, based upon the jury waiver provision in the lease between the parties. The underlying action concerns a dispute over whether or not Thom Rock lived up to its representation that plaintiffs were renting in a building which would be operated solely as a showroom center for furniture manufacturers, and not leased (as it actually was) to other businesses or organizations. Miller seeks to preserve its demand by invocation of § 259–c of N.Y. Real Property Law (McKinney 1989). For the reasons set forth below, the motion is granted and the jury demand is stricken.

### Prior Proceedings

Miller filed its initial complaint on March 25, 1992, and served a demand for a jury trial on Thom Rock on May 28, 1992. This motion was filed on December 17, argued on January 6, and considered fully submitted as of January 8, 1993.

### The Waiver is Enforceable

Section 259–c of New York's Real Property Law provides:

> Any provision in a lease, executed after the effective date of this act [July 2, 1965], that a trial by jury is waived in any action, proceeding or counterclaim brought by either of the parties thereto against the other in any action for personal injury or property damage, is null and void.

Miller's first claim alleges a violation of the lease, as to which the parties concede the jury waiver applies unless New York law renders that provision void in these circumstances.

Miller's second claim is for a declaration of the rights of the parties regarding the lease which is not subject to that portion of Real Property Law ("RPL") § 259–c that provides that jury waiver provisions are not enforceable as to claims for property damage. *See Damsky v. Zavatt,* 289 F.2d 46 (2d Cir.1961) (If demand for jury trial includes issues as to which a party is not entitled to a jury trial, court should not strike demand but should limit it to issues on which a jury trial was properly sought), *citing* Federal Rule of Civil Procedure 39(a).]

In support of the claim that the jury waiver in the lease is void, Miller relies upon *81 Franklin Co. v. Ginaccini,* 149 Misc.2d 124, 563 N.Y.S.2d 977 (N.Y. Civ.Ct.1990), where the plaintiff sought to recover lost profits based on the landlord's alleged breach of the lease. The landlord had constructed an elevator shaft through the tenant's art gallery on Franklin Street, resulting in a minor diminution of the total rented space and considerable disruption of the tenant's business during construction. In *81 Franklin,* the Court, considering whether the plaintiff's claim for money damages entitled it to avoid the waiver of a jury agreed to in the lease, stated:

> [T]he court finds that the defendant business constitutes personal property.... Moreover, it is well established that when the interruption or destruction of a business is the proximate consequence of defendant's wrongful act, plaintiff can recover resulting lost profits as a measure of injury to the personal property which plaintiff's business represents....

> Therefore, based upon a strict interpretation of Real Property Law section 259–c, and the fundamental nature of the right to a jury trial [citations omitted], the Court concludes that the jury waiver provision of the lease is inapplicable to defendant's claim for damage to its business based on breach of the lease, and as such, defendant is entitled to a jury trial on this claim.

*81 Franklin Co.,* 563 N.Y.S.2d at 982; *accord, Swinger Realty Corp. v. Kizner Imports,* 70 Misc.2d 742, 743, 335 N.Y.S.2d 108 (App. Term, 1st Dept. 1972) (damages sustained by tenant's installation of security gate on premises without consent entitled landlord to jury trial).

However, the New York Court of Appeals has not ruled on the construction of § 259–c and the intermediate appellate courts of New York have not been uniform in their interpretation of this statute. As the decision in *81 Franklin* points out, the Appellate Division, Second Department, construed § 259–c differently from the Appellate Term, First Department, holding that "damage to personal property" refers only to damage claims based on tortious conduct, not on breach of contract. In *J.I.H.L. Assoc. v. Frank,* 107 A.D.2d 662, 484 N.Y.S.2d 29 (2d Dep't 1984) the Second Department held that the statute applied only to actions sounding in tort:

> Section 259–c invalidates such a jury waiver provision in "any action for personal injury or property damage." That provision is not applicable to an action to recover damages arising out of breach of the contractual provision of the lease because the words "personal injury or property damage" traditionally refer to "tort actions arising out of a liability imposed by law for negligence, or even a willful tort, but not out of contract."

*Id.* at 663, 484 N.Y.S.2d at 31; *accord, Birchwood Associates v. Steigauf,* 75 Misc.2d 728, 348 N.Y.S.2d 900 (N.Y.Dist.Ct.1973).

■ Under such a circumstance, a federal court is obligated to attempt to determine what construction is most likely to be adopted by the Court of Appeals under the circumstances presented here. *See DeWeerth v. Baldinger,* 836 F.2d 103, 108 (2d Cir.1987).

Miller's second claim alleges that "[t]he defendant has breached the lease and, in doing so, has damaged the plaintiff. Therefore, [plaintiff] is entitled to damages, including the cost of leasehold improvements." (Compl. ¶ 19). Miller seeks to characterize this claim as one for injury to its business in an attempt to bring this case within the facts of *81 Franklin,* in which the Court held that RPL § 295–c rendered a jury waiver clause void regarding a claim for "lost profits."

But in *81 Franklin,* the Civil Court found that the claim for lost profits based on breach of a lease was a claim for damage to business, which the Court concluded was a claim for damage to property within the meaning of RPL § 259–c. Here the damages alleged as arising from the breach of contract concern not lost profits which can be traceable to specific actions taken by the landlord, but the "cost of leasehold improvements." In both *Swinger* and *81 Franklin,* the property itself was damaged; later proceedings in the *Franklin* case found that installation of the elevator shaft was a partial eviction of the plaintiff by the landlord, entitling the plaintiff to an abatement of rent, *81 Franklin Co. v. Ginaccini,* 160 A.D.2d 558, 554 N.Y.S.2d 207 (1st Dep't 1990).

■ Here, the "damage" that plaintiffs cite is a diminished number of visitors, presumably because the building is no longer perceived by buyers as significant showroom space. Merely characterizing the damage as lost profits or additional costs does not convert an action for a breach of the lease into a property damage or personal injury claim exempted from waiver by § 259–c. Miller's interpretation of *81 Franklin Co.* permits the exception of § 259–c to swallow the waiver clause whole, for under its reasoning any monetary damage resulting from a breach of a lease would preclude the use of the waiver clause. It is more likely that the Court of Appeals of the State of New York will apply the narrower construction adopted by the Second Department in *JIHL Associates* in order to prevent such an outcome.

A narrower construction here is closer to the distinction between property damage and consequential economic loss adopted by the Court of Appeals in *Schiavone Constr. Co. v. Mayo Corp.,* 56 N.Y.2d 667, 451 N.Y.S.2d 720, 436 N.E.2d 1322, *rev'g on dissent,* 81 A.D.2d 221, 227–234, 439 N.Y.S.2d 933 (1981). In *Schiavone,* the plaintiffs sued for lost profits as part of their claim for damages in a defective truck hoist case. The dissent in the First Department's opinion in *Schiavone*—adopted as its opinion by the Court of Appeals—distinguished between two types of economic loss: physical damage and consequential loss in the form of lost profits. It held that while the plaintiffs could recover for physical damage under their tort claim for products liability, they could recover for lost profits only under a contract claim of implied warranty and only in the manner provided for according to the contract:

> We must distinguish between two types of cases: (a) where the product is unduly dangerous so that the defect causes physical damage, *presumably due to an accident,* to either persons or property. (b) Where the product, although not itself unduly dangerous, does not function properly, resulting in economic loss other than physical damage to persons of property.

*Schiavone,* 81 A.D.2d at 228, 439 N.Y.S.2d at 937 (emphasis added).

The court draws the distinction between torts—both unintentional and intentional, as the reference to "presumably an accident" makes clear—and contract. According to *Schiavone,* damages incurred as the result of physical harm to property, whether unintentional or intentional (as in *81 Franklin* ) can be collected in tort, but damages for loss of economic expectations depend entirely on the parties' prior negotiations with each other:

> The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss is

not arbitrary and does not rest on the "luck" of one plaintiff [in suffering physical injury].... The distinction rests, rather, on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products. He can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms of conditions that create unreasonable risks of harm. He cannot be held for the level of performance of his products in the consumer's business unless he agrees that the product was designed to meet the consumer's demands.

*Id.* at 230–31, 439 N.Y.S.2d at 939.

The correct analogy of this distinction to the present case means that protection for contractual loss—here, the promise that the building would be rented only to other showrooms in the same industry—is left up to negotiations between the parties. They may decide among themselves how this risk of loss should fall, and logically they should also be able to decide how they want any claims to be settled, including whether they wish a jury to hear such claims or not. The risk of physical damage to the property, however, whether intentional or unintentional, implicates the public interest—and therefore a demand for a jury trial should not be waivable.

The flaw of logic in *J.I.H.L.* is the failure to recognize that certain breaches of contract are also intentional torts. The issue is not whether the claim sounds in tort or contract, but whether the kind of tort alleged involves physical damage or stems solely from interference with the expectations embodied in the contract. The policies behind the provision making jury-waivers void are concerned only with some form of actual damage, however inflicted.

The correct analogy here holds a landlord liable for physical damages to the tenant's property, but not for the risk that the rental will not match the tenant's economic expectations. It is true that from the point of view of the tenant, both reduce his profit in his business, and therefore he may not care much about the distinction between them; but from the point of view of the landlord, physical harm to persons or properties can be distinguished from the mutual intentions which form the core of the parties' contract. A breach of contract leading to economic loss, on the other hand, may come in ways which vary widely from the physical damages to persons or property that void waivers of the right to a jury as contemplated by N.Y. Real Property Law § 259–c. Since most parties are free to negotiate any type of legal contract, they are free also to decide how to enforce their economic expectations. *See also Syracuse Cablesystems v. Niagara Mohawk,* 173 A.D.2d 138, 578 N.Y.S.2d 770 (4th Dep't 1991) (applying *Schiavone*'s distinction between physical property damage and consequential economic loss based purely upon parties' contractual expectations).

### Conclusion

Based upon the foregoing, the jury waiver claim in the lease is enforceable in accordance with RPL § 259–c as to the claims asserted by plaintiff in its complaint.

The motion to strike the jury demand is granted.

It is so ordered.